## Wytheville.

### WESTERN UNION TELEGRAPH CO. V. REYNOLDS.

#### June 19, 1902.

1. TELEGRAPH COMPANIES—*Interstate Commerce—Domestic Messages.*—
   Where the initial and terminal points of a telegram are both in the
   same State, and it is transmitted over the wires of the same com-
   pany, and concerns only citizens of the same State, the message
   is a domestic message, and its character as such is not affected by
   the circumstance that the line passes in part over the territory of
   another State, or that the company has established a relay office
   in such other State. The contract for the transmission of such a
   message is entire, and possesses no element of interstate commerce.
2. APPEAL AND ERROR—*Constitutionality of Statute.*—When the consti-
   tutionality of an Act of Assembly has been determined by this
   court, the question ceases to be debatable, and does not furnish
   ground for the jurisdiction of the court in cases thereafter arising.
3. TELEGRAPH COMPANIES—*Penalties—Penal Amercements.*—The message
   in the case at bar being a domestic message, though "relayed" in
   another State, the telegraph company is liable for the statutory
   penalty for failure to forward it from the relay office. This is
   not a penal amercement for the violation of the criminal laws of
   the State.

Error to a judgment of the Hustings Court of the city of Rad-
ford, rendered December 20, 1900, in an action of debt, wherein
the defendant in error was the plaintiff, and the plaintiff in
error was the defendant.

*Dismissed.*

The opinion states the case.

The declaration was in the following words and figures, to-
wit:

Virginia—Hustings Court for the city of Radford, to-wit:

To 2d September Rules thereof, 1900:

C. M. Reynolds complains of the Western Union Telegraph Company, a corporation, of a plea that it render unto him the sum of one hundred ($100.00) dollars, which to him it owes, and from him unjustly detains, for this, to-wit:

That heretofore, to-wit: on the 7th day of June, 1900, the said defendant was a. telegraph company doing business in the State of Virginia, and was the owner and operator of a certain telegraph line running from its office at East Radford, in the city of Radford, Virginia, to Tom's Creek, in the county of Wise, and State of Virginia, and had telegraph offices for the reception, transmission, and delivery of dispatches at said office at East Radford, in Radford, Va., and at said Tom's Creek, Va., and the said plaintiff, on the day and year aforesaid, delivered to the said defendant at its telegraph office at East Radford, Va., aforesaid, and the said defendant then and there received from the said plaintiff a telegraphic dispatch in substance in the words and figures following, to-wit:

"To A. Collier,
    Tom's Creek, Va.

Please send transportation myself and one by wire.    Answer immediately.

(Signed)              C. M. REYNOLDS."

And the said plaintiff then and there paid to the said defendant, and the said defendant then and there received from him the usual charges, according to the regulations of the said company for the transmission and delivery of the dispatch aforesaid; and it was the duty of said company to transmit the said dispatch from its office at East Radford, Va., to its office at Tom's Creek, Va., faithfully and impartially, and as promptly as prac-

ticable, and in the order of its delivery to the said company by said plaintiff; but the said defendant not regarding its duty in this behalf, negligently, improperly and unlawfully, and contrary to the form of the statute in such case made and provided, then and there failed to transmit said dispatch from its office at East Radford, Va., to its office at Tom's Creek, Va., faithfully and impartially and as promptly as practicable, and in the order of its delivery to said company; such failure to transmit said dispatch extending over a long space of time, to-wit: the space of ten days after receiving the same from the said plaintiff at its office at East Radford, Va., aforesaid, for transmission to its office at Tom's Creek, Va., aforesaid, whereby, and by reason of the statute in such cases made and provided, an action hath accrued to the plaintiff to demand and have of and from the defendant the said sum of a $100.00 above demanded:

And for this also to-wit:

That heretofore, to-wit:   On the 7th day of June, 1900, the said defendant was a telegraph company doing business in the State of Virginia, and was the owner and operator of a certain telegraph line running from its office in East Radford, in the city of Radford, Va., to Tom's Creek, in the county of Wise, and State of Virginia, and had telegraph offices for the reception, transmission and delivery of dispatches at said office at East Radford, Va., and at Tom's Creek, Va., and the said plaintiff, on the day and year aforesaid, delivered to the said defendant at its telegraph office at East Radford, Va., aforesaid, and the said defendant then and there received from the said plaintiff, a telegraphic message in substance in the words and figures following, to-wit:

"To A. Collier,
    Tom's Creek, Va.

Please send transportation myself and one by wire.  Answer immediately.

(Signed)                    C. M. REYNOLDS."

And the said plaintiff then and there paid to the said defendant, and the said defendant then and there received from him, the usual charges according to the regulations of the said company for the transmission and delivery of the dispatch aforesaid, and the said defendant transmitted the same to its office at Tom's Creek, Va., at which office the said dispatch arrived, and the regulations of the said defendant at its office at Tom's Creek aforesaid require the delivery of the said dispatch promptly to the person to whom it was addressed, to-wit: to the said A. Collier, whereby and by virtue of the statute in such case made and provided it became and was the duty of the said defendant upon the arrival of the said dispatch as its office at Tom's Creek aforesaid, to deliver the same as promptly as practicable to the said A. Collier, to whom it was addressed; but the said defendant, not regarding its duty in this behalf, negligently, improperly and unlawfully, and contrary to the form of the statute in such case made and provided, then and there did not deliver the said dispatch upon its arrival at its office at Tom's Creek aforesaid, as promptly as practicable to the said A. Collier, but negligently and unnecessarily delayed the delivery of the same, and never have delivered the said dispatch to him, the said Collier; whereby and by reason of the statute in such case made and provided an action hath accrued to the plaintiff to demand, and have of and from the defendant, the said sum of $100.00 above demanded.

Yet the said defendant, although often requested, hath not paid to the said plaintiff the said sum of $100.00 above demanded, or any part thereof, but the same to pay hath hitherto neglected and refused, and still doth neglect and refuse, to the damage of the plaintiff $100.00, and therefore he brings his suit.

LONGLEY & JORDAN, p. q.

*Scott & Staples* and *M. H. Altizer*, for the plaintiff in error.

*Longley & Jordan,* for the defendant in error.

WHITTLE, J., delivered the opinion of the court.

This was an action of debt instituted by the defendant in error against the plaintiff in error, in the Hustings Court of the city of Radford, to recover the penalty prescribed by section 1291 of the Code for its failure to transmit faithfully and impartially, and as promptly as practicable, and in the order of its delivery, the following telegram, sent by the defendant in error from East Radford, Va.:

"To A. Collier,
    Tom's Creek, Va.:

Please send transportation myself and one by wire. Answer immediately.
                                    C. M. REYNOLDS."

Upon the trial, the company demurred to the evidence. The jury found a verdict for the plaintiff for the statutory penalty, $100, in usual form. Whereupon the court overruled the demurrer, and rendered judgment for the plaintiff.

It appears that the company's telegraph line from East Radford, Va., to Tom's Creek, Va., is by way of Bluefield, in the State of West Virginia; that at the latter point it has established a relay office, that is to say, an office at which messages are taken from one wire and sent over another to their destination. The wire from East Radford ends at Bluefield, from which place there is another wire extending to Tom's Creek. Both wires are the property of the company. The relay office at Bluefield is *its office,* and the agent in charge of that office is *its agent,* whose duty it is to receive and transmit messages.

It further appears that the telegram in question was transmitted, in accordance with the requirements of the statute, from East Radford to Bluefield, but was never forwarded from the relay office at that place to its destination at Tom's Creek.

The defendant in error insists that the message is purely a domestic message, in no wise involving any question of interstate commerce, and that, inasmuch as the amount of the recovery is less than $500, this court is without jurisdiction in the premises.

Contrariwise, the company maintains that, as the line passes in part over the territory of another State, and the default complained of was that of its agent engaged in handling messages beyond the borders of this State, the transaction was not embraced by section 1291.

It is further insisted that, if the effect of the statute is to regulate the business of the company outside the State, it is contrary to the commerce clause of the Constitution of the United States, and void.

Where the initial and terminal points are both in the same State, and the telegram is transmitted over the wires of the same company, and concerns only citizens of that State, the message is a domestic message, and its character, in that respect, is not altered by the circumstance that the line passes in part over territory of another State. Nor is it affected by the fact that the company has established a relay office in such other State. The statute deals with the company, not its agents. The company in this case undertook to transmit the message from one point to another in Virginia, and it cannot escape the penalty imposed by statute for its dereliction of duty on the theory that the statute has no extra-territorial force. The default complained of was not the stoppage of the message at Bluefield, but the failure to transmit it as promptly as practicable to Tom's Creek. And the response of the company that it was guilty, but guilty at a point beyond the limits of the State, constitutes no defence.

The contract was with the company and not with its agent. It was an entire contract, and it is wholly immaterial at what particular point in the line the breach occurred.

The company necessarily transacts its business through the instrumentality of agents; their acts are its acts, and unless it can be held responsible for their negligence, it can under no circumstances be made liable.

The continuity of the contract to transmit the message from East Radford to Tom's Creek was no more affected by the relay office at Bluefield, than would be the undertaking of a stage coach company or a railroad company to transport passengers or freight between the same points, by a change of horses or drivers, or by substituting one locomotive for another, or one train crew for another, along the route.

The contract imposed a continuous duty. It was between a citizen of Virginia and the company, and in no wise affected or concerned any business in West Virginia, either as regards the company or citizens of that or any other State. It, therefore, contained no element of interstate commerce.

It was held in the case of *State* v. *Western Union Tel. Co.*, 16 S. E. (N. C.), 389, that the regulation of the telegraph rates between points in North Carolina was not an interference with interstate commerce, although the line passed into Virginia between the points, where it was all owned and operated by one corporation.

So in the case of *Lehigh Valley R. Co.* v. *Pennsylvania*, 145 U. S. 192, the State of Pennsylvania levied a tax on the gross receipts of all railroad companies derived from the transportation by continuous carriage from points in Pennsylvania to other points in the same State, that is to say, passing out of Pennsylvania into another State and back again into Pennsylvania, in the course of transportation. The Lehigh Valley Railroad Company had no road of its own from Mauch Chunk, Pa., to Philadelphia, but in transporting its coal, and general freight traffic, it used its own line from Mauch Chunck to Phillipsburg, N. J., from which point it was, under an arrangement for a continuous passage with the Pennsylvania Railroad Company, transported

by the latter road, via Trenton, to Philadelphia. It was insisted that the State could not tax that part of the gross receipts. derived from so much of the transportation as was wholly within the State of Pennsylvania, because the freight, during its entire transportation, was impressed with the character of interstate commerce. The validity of the tax was sustained. The court, speaking through the Chief Justice, said in part:

(Quoting from the opinion of Chief Justice Marshall in *Gibbons* v. *Ogden*, 22 U. S., 9 Wheaton, 189): "Commerce undoubtedly is traffic, but it is something more. It is intercourse. It describes the commercial intercourse between nations, and parts of nations, in all its branches, and is regulated by prescribing rules for carrying on that intercourse" . . . . . . . . . and proceeds: "The point of departure and the point of arrival were alike in Pennsylvania. The intercourse was between those points, and not between any other points. Is such intercourse, consisting of continuous transportation between two points in the same State, made interstate, because, in its accomplishment some portion of another State may be traversed? Is the transmission of freight or messages between two places in the same State made interstate business by the deviation of the railroad or telegraph on to the soil of another state? . . . . . . . . . . It is simply whether in the carriage of freight and passengers between two points in the same State, the mere passage over the soil of another State, renders that business foreign which is domestic. We do not think such a view can reasonably be entertained, and are of opinion that this taxation is not open to constitutional objection by reason of the particular way in which Philadelphia was reached from Mauch Chunk."

The court further says: "We will observe, however, that we think the principle laid down by that (the trial) court is peculiarly adapted to cases like the present, in which there is such an exceptional facility for the evasion of State authority to fix the rate of charges. This may be done in an instant, and with-

out expense, by so adjusting the wires that messages must go through a part of the territory of another State."

The case under consideration falls within the influence of these decisions, which show that the telegram in question was a domestic message, and that no Federal or constitutional question is involved.

In the case of *Western Union Tel. Co.* v. *Tyler*, 90 Va. 297, this court held that section 1292 of the Code was not in conflict with the Constitution of the United States, or any act of Congress passed in pursuance thereof, and that decision was reaffirmed in the case of *Western Union Tel. Co.* v. *Bright*, 90 Va. 778.

In the case of *Western Union Tel. Co.* v. *James*, 162 U. S. 650, a similar provision of a Georgia statute was declared to be a reasonable exercise of the police power of the State, and not unconstitutional.

In the more recent case of *Western Union Tel. Co.* v. *Powell*, 94 Va. 268, it was said: "When this writ of error was awarded section 1291 had not been held by this court to be constitutional, nor had the decision in the James case been made by the Supreme Court of the United States, holding such legislation to be a valid exercise of the police powers.

"Under the circumstances surrounding this case, we cannot say that the jurisdiction of this court was not invoked in good faith to determine the constitutionality of the statutes in question. Its jurisdiction having been properly invoked upon one of the grounds provided in the Constitution and laws, it has jurisdiction for all purposes, although the amount involved is less than $500."

The latest expression of this court, on the subject, is found in the case of *Western Union Tel. Co.* v. *Goddin*, 94 Va. 513, where this language occurs:

"At the time the writ of error in the case before us was awarded the constitutionality of sec. 1292 had been twice passed

upon in this court, and it was no longer a debatable question. The test of 'good faith' does not fully meet the difficulty. Counsel and parties may with perfect good faith ask the reiterated judgment of this court upon any question, and we do not clearly perceive how this court could say at just what point the appeal to it was wanting in good faith.

"A better test, perhaps, is to be found in considering whether or not the point presented is any longer open for argument. Is it a debatable question? . . . . . . 'Applying this test, it is plain that the constitutionality of sec. 1292 is not an open one in this court. It is no longer debatable.' "

That case is conclusive of this on that alleged ground of jurisdiction.

On the remaining ground, namely, that the recovery is a penal amercement, it is sufficient to say that the decision last referred to is equally conclusive. The recovery in that case was the $100 penalty imposed by section 1292 for the failure to deliver promptly a telegram, and sections 1291 and 1292 are in *pari materia.*

It follows from these views that this case must be dismissed for want of jurisdiction.

*Dismissed.*