# WESTERN UNION TELEGRAPH COMPANY v. CROVO.

ERROR TO THE LAW AND EQUITY COURT OF THE CITY OF RICHMOND, STATE OF VIRGINIA, AND THE SUPREME COURT OF APPEALS OF THE STATE OF VIRGINIA.

Nos. 81, 87. Argued March 6, 7, 1911.—Decided April 3, 1911.

Where the highest court of the State has refused a writ of error because it thought the judgment of the court below was right, the writ of error from this court lies to the highest state court to which the case could be carried.

Telegraph companies whose lines extend from one State to another are engaged in interstate commerce, and messages passing from one State to another constitute such commerce, and companies and messages both fall under the regulating power of Congress.

While a state statute which amounts to a regulation of interstate commerce is void, one which simply imposes a penalty on a telegraph company for failure to perform a clear common-law duty, such as transmitting messages without unreasonable delay, is, in the absence of legislation by Congress on that subject, a valid exercise of the power of the State, if it relates to delay within the State even though the message be to a point without the State. Such a statute is neither a regulation of, nor hindrance to, interstate commerce, but is in aid thereof; and so *held* as to the statute of Virginia to that effect.

THE facts, which involve the constitutionality, under the commerce clause, of a statute of Virginia requiring prompt transmission of messages by telegraph companies, are stated in the opinion.

*Mr. Francis Raymond Stark*, with whom *Mr. George H. Fearons, Mr. Rush Taggart* and *Mr. Henry D. Estabrook* were on the brief, for plaintiff in error:

The State cannot impose a penalty for failure to transmit a message "as promptly as practicable" over a direct

wire from a point within to a point without the State. *Western Union Tel. Co.* v. *Pendleton,* 122 U. S. 347.

If one State may lawfully insist that messages shall be transmitted in order of priority, other intervening States have an equal right to prescribe a different order, *e. g.* that messages relating to sickness and death shall be preferred to other private messages, etc. See Title 65, U. S. Rev. Stat., §§ 5263 *et seq.;* Md. Pub. L., 1904, § 328; N. Y. Cons. L., 1909, c. 63, § 103; Brightley's Purdon's Dig., 1895, 2001; California Civil Code of 1897, § 2207; South Dakota Civil Code, § 1604.

Under the statute in question the place of the default is immaterial, for there could be no recovery even if such default had been in Virginia. There is no competent evidence of any default in Virginia.

*Mr. J. Kent Rawley* for defendants in error:

The Virginia statute requires that the message shall be transmitted as promptly as practicable, which is the plain duty of the company under the general law of the land, and is in aid of rather than a burden upon or an obstruction of commerce. *Western Union Tel. Co.* v. *Pendleton,* 122 U. S. 347, distinguished. The provision in the Indiana statute is mandatory, and may affect the order of sending of interstate messages while the Virginia statute does not require the telegraph company to give preference over any class of messages, but is permissive only. See *The Brig James Gray,* 21 How. 184; *Railroad Company* v. *Fuller,* 17 Wall. 560. This case is controlled by *Western Union Tel. Co.* v. *James,* 162 U. S. 650, which has been often followed and approved. See *Hennington* v. *Georgia,* 163 U. S. 299; *N. Y. & N. H. R. R. Co.* v. *New York,* 165 U. S. 628; *Chicago, M. &c. Ry. Co.* v. *Sloan,* 169 U. S. 133; *Cleveland &c. Ry. Co.* v. *Illinois,* 177 U. S. 514; *Western Union Tel. Co.* v. *Wilson,* 213 U. S. 52; *Nashville* v. *Alabama,* 128 U. S. 96; *Smith* v. *Alabama,* 124 U. S.

465; *Commonwealth* v. *Alger*, 7 Cush. 53; *Lake Shore Ry. Co.* v. *Ohio &c.*, 173 U. S. 285; *Missouri Pacific Ry. Co.* v. *Larabee*, 211 U. S. 621; *Arkansas Ry. Co.* v. *German Nat. Bank*, 77 Arkansas, 489; *U. S. Express Co.* v. *State*, 164 Indiana, 204; *Western Union Tel. Co.* v. *Hughes*, 104 Virginia, 241; *Postal Telegraph Co.* v. *Umstader*, 103 Virginia, 744; *Atlantic Coast Line R. R. Co.* v. *Commonwealth*, 102 Virginia, 599, 616; *Western Union Tel. Co.* v. *Powell*, 94 Virginia, 268.

MR. JUSTICE LURTON delivered the opinion of the court.

Action to recover statutory penalty for the negligent failure to promptly transmit a prepaid message accepted at the Richmond office of the telegraph company, addressed to a business correspondent at Brockton, New York. The declaration averred that the negligence occurred in the office at Richmond.

There was issue joined and a jury. The defendant demurred to the evidence. This was overruled because the court was of opinion that from the facts and circumstances the jury might find that the negligence in transmission occurred in the sending office at Richmond. There was a verdict and judgment for the plaintiff.

A writ of error was denied by the Supreme Court of Appeals, under local practice, because the court thought "the judgment was plainly right."

The plaintiff in error has sued out two writs of error, one to the law and equity court of the city of Richmond, the trial court, and another to the Supreme Court of Appeals of Virginia. Inasmuch as the latter court denied a writ of error, the judgment of the law and equity court was the highest court of the State to which the case could be carried, and a writ will therefore lie to that court if a Federal question is properly saved.

The statute which it is claimed operates as a regulation

of interstate commerce, and under which the action was brought, is set out in the margin.[1]

It makes it the duty of every telegraph company doing business in the State to receive and transmit prepaid messages "faithfully, impartially, with substantial accuracy, as promptly as practicable." But the standard of duty under the statute is precisely that imposed at common law upon such a common carrier. The imposition of a penalty for the purpose of enforcing the statute was plainly within the legislative power of the State, if the act was otherwise valid. *Ling Su Fan* v. *United States*, 218 U. S. 302, 306.

But it is said the act requires that messages shall be transmitted in the order received, though preference *may* be given to business of the United States, the State and the public press, and that this is a regulation which may conflict with a different rule prescribed by other States

---

[1] It shall be the duty of every telegraph company doing business in this State to receive and transmit dispatches from and for other telegraph or telephone companies or lines, and from and for any person, upon the payment of the usual charges therefor, if such payment is demanded; to transmit the same faithfully, impartially, with substantial accuracy, as promptly as practicable, and in the order of delivery to the said company. For every failure to transmit a dispatch faithfully, impartially, with substantial accuracy, and for every failure to transmit a dispatch as promptly as practicable, or in the order of its delivery to the company, the company shall forfeit the sum of one hundred dollars to the person sending or offering to send such dispatch, or to the person to whom it was addressed: Provided, however, that not more than one recovery shall be had on one dispatch, and the recovery by one party entitled thereto shall be a bar to the recovery of the other party. But nothing herein shall prevent any such company from giving preference to dispatches on official business from or to officers of the United States or the State of Virginia, or from making arrangements with proprietors or publishers of newspapers for the transmission to them for publication of intelligence of general and public interest out of its regular order." Section 5, ch. 8 of Public Service Corporation Act, January 18, 1904.

and may constitute a hindrance and impediment to inter-state commerce.

It is not clear that such result may follow if the act be regarded as applying only to dispatches received within the State, although destined to persons beyond the State. The act, unlike the Indiana statute involved in the *Pendleton Case*, 122 U. S. 347, neither regulates delivery in nor out of the State and prescribes no preference in transmission. The company is permitted to give certain preferences named, but is not required to do so.

But we are not called upon to consider whether that particular requirement, one separable from all the others, is valid or not. The single ground of action stated in the plaintiff's declaration was that his prepaid message had not been transmitted "as promptly as practicable," and that this was due to negligence within the State.

The duty of transmitting without unreasonable delay was, as already stated, the clear common-law duty of the company, a duty to which the statute adds only the imposition of a penalty for default. The issue of fact in the state court was whether the delay, however caused, occurred within the limits of the State. Stated more definitely, it was whether the fault was that of the Richmond office, which accepted the message, or that of the New York office, where it is said the message must be relayed over another wire to reach either Brockton or Brooklyn in the State of New York. The indisputable fact was that a message addressed to Brockton, New York, was sent to Brooklyn, New York. Somebody somewhere made a blunder, by which there occurred delay in the proper transmission of the message. Now, if that mistake was made at Richmond, the negligence occurred within the limits of the State. If it was correctly sent to the relay point and the mistake occurred in relaying, the negligence occurred beyond the limits of the State, and the failure to

transmit "as promptly as practicable" did not occur within the state limits.

This issue of fact has been found against the plaintiff in error. Nine hours after the message was accepted the plaintiff received a written notice in these words:

"THE WESTERN UNION TELEGRAPH COMPANY,
          "(Incorporated.)
                    "Richmond, Va., Sept. 25, 1907.
"M. CROVO AND CRENSHAW:
    "Your dispatch dated to-day to S. P. Morse & Sons Brooklyn New York is undelivered.
    "Reason: Unable to locate party. Give better address.
                              "A. C. STEVENTON,
                                   "*Per C.*,
                    "Manager, Richmond, Va., office."

The manager of the company's office at Richmond testified that the notice above set out, "sent to the plaintiff in the usual and ordinary course of business, meant that the message was sent from Richmond, Virginia, to Brooklyn, New York, and not to Brockton, New York."

The only question for decision is whether a statute of the State of Virginia which imposes a penalty for the failure to transmit a dispatch received at an office of the company in the State for transmission to a person in another State is a valid exercise of the power of the State, the delay occurring in the State.

That companies engaged in the telegraph business, whose lines extend from one State to another, are engaged in interstate commerce, and that messages passing from one State to another constitute such commerce, is indisputable. Such companies and such messages come, therefore, under the regulating power of Congress. It follows then, that if this statute as applied in the state court is to be construed as a regulation of commerce between the States, it is in excess of the power of the State.

*Western Union Tel. Co.* v. *Texas,* 105 Texas, 460; *Western Union Tel. Co.* v. *Pendleton,* 122 U. S. 347; *Western Union Tel. Co.* v. *James,* 162 U. S. 650; *Western Union Tel. Co.* v. *Commercial Milling Co.,* 218 U. S. 406, 416.

In the *Pendleton Case* a statute of Indiana which imposed a penalty for the failure to deliver by messenger a dispatch sent by the sender in Indiana to a person addressed at a station in Iowa was held an attempt to regulate the method of delivery outside of the State, and therefore an interference with and regulation of interstate commerce.

In the *James Case* a statute of Georgia which imposed a penalty for the failure to diligently deliver to the person addressed in Georgia an interstate message was upheld as a valid exercise of state power in the absence of legislation upon the subject by Congress. In that case the court, by Mr. Justice Peckham, distinguished the *Pendleton Case,* saying:

"Nor is the statute open to the same objections that were regarded as fatal in the *Pendleton Case,* 122 U. S. 347. No attempt is here made to enforce the provisions of the state statute beyond the limits of the State, and no other State could by legislative enactment affect in any degree the duty of the company in relation to the delivery of messages within the limits of the State of Georgia. No confusion, therefore, could be expected in carrying out within the limits of that State the provisions of the statute. It is true it provides a penalty for a violation of its terms and permits a recovery of the amount thereof irrespective of the question whether any actual damages have been sustained by the individual who brings the suit; but that is only a matter in aid of the performance of the general duty owed by the company. It is not a regulation of commerce, but a provision which only incidentally affects it. We do not mean to be understood as holding that any state law on this subject would be valid, even in the

absence of Congressional legislation, if the penalty provided were so grossly excessive that the necessary operation of such legislation would be to impede interstate commerce. Our decision in this case would form no precedent for holding valid such legislation. It might then be urged that legislation of that character was not in aid of commerce, but was of a nature well calculated to harass and to impede it. While the penalty in the present statute is quite ample for a mere neglect to deliver in some cases, we cannot say that it is so unreasonable as to be outside of and beyond the jurisdiction of the State to enact.

"While it is vitally important that commerce between the States should be unembarrassed by vexatious state regulations regarding it, yet, on the other hand, there are many occasions where the police power of the State can be properly exercised to insure a faithful and prompt performance of duty within the limits of the State upon the part of those who are engaged in interstate commerce. We think the statute in question is one of that class, and in the absence of any legislation by Congress the statute is a valid exercise of the power of the State over the subject."

In *Western Union Tel. Co.* v. *Commercial Milling Co., supra,* a statute of Michigan which prohibited contractual limitation of the common-law liability due to the negligence of the company in transmission or delivery was upheld as applied to a message received at the company's office in Michigan for transmission to a person in another State. Distinguishing the *Pendleton Case,* Mr. Justice McKenna, for this court, said:

"But there is a manifest difference between the statute of Indiana and the statute of Michigan and of their purposes and effects. The former imposed affirmative duties and regulated the performance of the business of the telegraph company. It besides ignored the requirements or

regulations of another State, made its laws paramount
to the laws of another State, gave an action for damages
against the permission of such laws for acts done within
their jurisdiction. Such a statute was plainly a regula-
tion of interstate commerce, and exhibited in a conspicu-
ous degree the evils of such interference by a State and
the necessity of one uniform plan of regulation. The stat-
ute of Michigan has no such objectionable qualities. It
imposes no additional duty. It gives sanction only to an
inherent duty. It declares that in the performance of a
service, public in its nature, it is a policy of the State
that there shall be no contract against negligence. The
prohibition of the statute, therefore, entails no burden.
It permits no release from that duty in the public service
which men in their intercourse must observe, the duty
of observing the degree of care and vigilance which the
circumstances justly demand, to avoid injury to another."

The requirement of the Virginia statute as here applied
is a valid exercise of the power of the State in the absence
of legislation by Congress. It is neither a regulation of
nor a hindrance to interstate commerce, but is in aid of
that commerce.

The case is clearly governed by *Western Union Tel. Co.*
v. *James* and *Western Union Tel. Co.* v. *Commercial
Milling Co.*, both above cited.

*Judgment affirmed.*