## 𝔖taunton

### WESTERN UNION TELEGRAPH COMPANY V. DAVIS.

#### September 9, 1912.

1. TELEGRAPH COMPANIES—*Failure to Deliver Message—Penalty—Extra Territorial Effect of Statute.*—Although it has been the habit of a telegraph company which maintains an office in Bristol, Tenn., but none in Bristol, Va., to deliver messages from its Tennessee office to addresses in Bristol, Va., yet if a message be sent from a point in the State of Virginia to an addressee living in Bristol, Va., and be not promptly delivered, the company is not liable for the penalty prescribed by the Virginia statute for failure to deliver a telegram promptly, as this would be giving an extra territorial effect to the Virginia statute, which cannot be done. Nor is the question affected by the habit of the company of delivering messages from its Tennessee office to addressees on the Virginia side of the city, as no extra territorial force can be imparted to the Virginia statute by agreement of the parties.

Error to a judgment of the Corporation Court of the city of Bristol in an action of trespass on the case. Judgment for the plaintiff.   Defendant assigns error.

*Reversed.*

The opinion states the case.

*Geo. H. Fearons, Donald T. Stant* and *Phlegar, Powell, Price & Shelton,* for the plaintiff in error.

*N. P. Oglesby* and *G. M. Warren,* for the defendant in error.

WHITTLE, J., delivered the opinion of the court.

This is an action under Va. Code, 1904, sec. 1294-h (6) to recover the penalty of $100 prescribed for delay in delivery of a telegram.

The message was delivered to the company at 9 :40 P. M. at its office in Glade Spring, Va., addressed to J. L. Davis, care of Susong Building, Bristol, Tenn., and was received at that office at 9 :46 P. M. of the same day, but was not delivered to the addressee, who lived in Bristol, Va., until 3 :55 P. M. of the following day. The company maintained an office in Bristol, Tenn., but had no office of any kind in the adjoining city of Bristol, Va. It is true that both by regulation and custom the company's habit was to deliver messages from the Tennessee office to addressees in Bristol, Va., but, of course, no extra-territorial force can be imparted to the delivery statute by agreement of parties.

Upon these undisputed facts, the sole question for our determination is whether or not the company can be penalized by authority of the Virginia statute for neglect of duty with respect to the delivery in this State of a message from its office in another State.

The case is readily distinguishable from *Western Union Telegraph Co.* v. *Reynolds,* 100 Va. 459, 41 S. E. 856, 93 Am. St. Rep. 971; *Same* v. *Hughes,* 104 Va. 240, 51 S. E. 225; and *Same* v. *White,* 113 Va. 421, 74 S. E. 174. Those were all transmission cases under section 1294-h (5), where the duty rested upon the company promptly to transmit the messages from one Virginia office to another office in the same State; and for negligent failure to discharge that duty the company was subjected to the statutory penalty, though the line, in part, passed through the territory of another State. Those cases fall within the influence of decisions of the Supreme Court of the United States, in *Western Union Telegraph Co.* v. *James,* 162 U. S. 650, 40 L. Ed. 1105, 16 Sup. Ct. 934; and *West-*

*ern Union Telegraph Co.* v. *Commercial Milling Co.,* 216 U. S. 406, 54 L. Ed. 1088, 31 Sup. Ct. 39, 36 L. R. A. (N. S.) 220, 21 Ann. Cas. 815. The controlling principle of that line of cases is clearly stated in *Western Union Telegraph Co.* v. *White, supra,* at page 425, as follows: "It is not sought in this case to give effect to our statute outside of the limits of this State, as was held could not be done in the *Chiles case,* 214 U. S. 274, 53 L. Ed. 994, 29 Sup. Ct. 613; but the object of the suit is to give effect to the statute and to impose the penalty for the company's failure to transmit the message to Fredericksburg. If the message had never been transmitted at all from Staunton, it is clear under the case of *Western Union Telegraph Co.* v. *Crovo,* 221 U. S. 364, 55 L. Ed. 498, 31 Sup. Ct. 399, the company would have been liable. If the point of delivery had been in Washington city and the message had been duly transmitted to that place and never delivered, then there could be no recovery, as decided in the *Chiles case, supra.* If the message had been duly relayed and transmitted from Washington city to Fredericksburg and the only default had occurred there in failing to deliver the message to the sendee, it is clear that an action would lie to recover the penalty under the decision in the James case."

To uphold the recovery in this case would give to the Virginia statute an extra territorial effect, to which it is not entitled. *Western Union Telegraph Co.* v. *Pendleton,* 122 U. S. 347, 30 L. Ed. 1187, 7 Sup. Ct. 1126; *Same* v. *Chiles,* 214 U. S. 274, 53 L. Ed. 994, 29 Sup. Ct. 613.

For these reasons the judgment must be reversed and the case dismissed.

*Reversed.*