# 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢

WESTERN UNION TELEGRAPH CO. V. BILISOLY

June 11, 1914.

Absent, Cardwell, J.

1. TELEGRAPH COMPANIES—*Night Letter—Failure to Deliver Promptly—Penalty.*—"Night Letter" telegrams are sent at a much lower rate than the ordinary message, and the contract for their transmission and delivery contemplates an essentially different handling of the message from that provided by section 1294-h, clause C, of the Virginia Code (1904). Instead of delivery as promptly as practicable, after arrival, only a delivery on the morning of the next ensuing business day is required, and a delivery by mail, instead of by messenger, is permitted. It is doubtful if the above statute, which is highly penal, is applicable to "Night Letters."

2. TELEGRAPH COMPANIES—*Interstate Messages—State Without Jurisdiction.*—Congress having assumed jurisdiction and occupied the field of regulation with respect to interstate telegrams, the State statute imposing a penalty for failure to make prompt delivery can no longer be invoked in such cases. The act of Congress has ousted the State of jurisdiction over the subject.

Error to a judgment of the Circuit Court of the city of Norfolk in an action of debt. Judgment for the plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*Hughes, Little & Seawell,* for the plaintiff in error.

*Robert W. Shultice* and *E. A. Bilisoly,* for the defendant in error.

Harrison, J., delivered the opinion of the court.

This action was brought by E. A. Bilisoly against the Western Union Telegraph Company to recover the statutory penalty for alleged delay of a certain telegraphic message, known as a "night letter."

It appears that the message was sent from the city of New York on the night of December 19, 1912, by Messrs. Kemble and Mills, of that city, to E. A. Bilisoly, at Norfolk, Va. This message was received at the Norfolk office of the telegraph company about three o'clock on the morning of December 20, 1912. Messages of this class are sent at a much lower rate than the ordinary message, and the contract for its transmission and delivery contemplates an essentially different handling of the message from that provided by section 1294h, clause 6, of the Virginia Code, 1904, under which this proceeding was instituted. Instead of a delivery as promptly as practicable after arrival, only a delivery on the morning of the next ensuing business day is required, and a delivery by mail instead of by messenger is permitted.

The testimony of the plaintiff shows that the message was delivered to him at his office at 10:56 o'clock on the morning of December 20, while that of the defendant shows that three efforts had been made to effect a delivery before the message was delivered, the messenger finding no one at the plaintiff's office.

The Virginia statute is essentially penal, demanding a forfeiture of one hundred dollars of the telegraph company for failure to forward or deliver a message as promptly as practicable. Penal statutes must be construed strictly, and it may well be doubted whether this statute can be extended so as to apply to a special contract like the present, where the terms of transmission and delivery are wholly different from those contem-

plated by the statute; a delayed service being contracted for rather than one involving as prompt a delivery as practicable. We do not, however, rest our conclusion in this case upon the ground mentioned.

By an act of Congress approved June 18, 1910, telegraph companies, so far as interstate business is concerned, have been placed under the direct supervision of the Interstate Commerce Commission, and are subject, so far as applicable, to the same rules, regulations, restrictions and penalties that are imposed upon common carriers. This act has occupied the entire field and taken complete control of the regulation of telegraph companies, and while it has impliedly exempted them from any penalty for negligence it has provided a severe maximum penalty for intentional discrimination. Before the passage of this act there had been no legislation by Congress affecting or conflicting with the State statutes imposing a penalty for failure to deliver messages promptly, and therefore the State statutes affecting telegraph companies were upheld, even as to interstate messages, upon the ground that until Congress had legislated upon the subject matter of telegraph companies, the State statutes were applicable. *The James Case,* 162 U. S. 650, 16 Sup. Ct. 934, 40 L. Ed. 1105; *The Commercial Milling Co. Case,* 218 U. S. 406, 31 Sup. Ct. 59, 54 L. Ed. 1088; *The Crovo Case,* 220 U. S. 364, 31 Sup. Ct. 399, 55 L. Ed. 398 and others.

In *Telegraph Company* v. *White,* 113 Va. 421, 74 S. E. 174, this court in reviewing the cases on the subject adopts the language of the Supreme Court, that where the State statute did not unfavorably affect or embarrass the telegraph company in the course of its employment, it would be held valid *until Congress spoke on the subject.* Those decisions are based upon the fact that, at the time they were rendered, no congressional legisla-

tion existed on the subject. Such judicial utterances would mean nothing unless they meant that when Congress did act and undertake to regulate telegraph companies in the matter of the transmission and delivery of interstate messages, the statutes of the State on the subject would be superseded by that action. It would be inconvenient as well as unnecessary to recite the detailed provisions of the act of Congress approved June 18, 1910. It is sufficient to say that by it Congress has occupied the field of regulation with respect to interstate telegrams, and hence the State statute imposing a penalty for failure to make prompt delivery can no longer be invoked in such cases. The act of Congress has ousted the State of jurisdiction over the subject.

From this conclusion it follows that the judgment of the lower court in favor of the plaintiff must be reversed, the verdict of the jury set aside, and this court will enter such judgment as should have been entered, dismissing the case with costs in favor of the defendant.

*Reversed.*