𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

WESTERN UNION TELEGRAPH CO. V. FIRST NATIONAL BANK
OF BERRYVILLE AND OTHERS.

November 12, 1914.

1. TELEGRAPH AND TELEPHONE COMPANIES—*Interstate Telegrams—Regulation by Congress—State Statutes Superseded.*—The Congress of the United States has occupied the field of regulation with respect to interstate telegrams, and hence the State statutes imposing penalties for failure to make prompt delivery can no longer be invoked in such cases. The act of Congress has ousted the State of jurisdiction over the subject.

2. APPEAL AND ERROR—*Costs—Judgment Against Beneficial Plaintiff—Code, Section 3546.*—Where it appears from the record that the recovery in the trial court was for the use of a designated person other than the nominal plaintiff, this court, on reversing the judgment of the trial court, will give judgment for costs against the beneficial, and not the nominal, plaintiff in the court below. Such judgment is within the spirit, if not the letter, of section 3546 of the Code, as well as within the control of the sound reasoning of the court, in well considered cases decided by it.

Error to a judgment of the Circuit Court of Clarke county in an action of debt. Judgment for the plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*McCormick & Smith, Geo. H. Fearons* and *Hughes, Little & Seawell,* for the plaintiff in error.

*A. Moore, Jr.* and *Conrad Kownslar,* for the defendant in error.

Cardwell, J., delivered the opinion of the court.

The facts in this case, as to which there is little or no dispute, are as follows: On Saturday, March 29, 1912, J. R. Elder went to the office of the Western Union Telegraph Company in Washington, D. C., and deposited $18.00, to be sent by wire to Mrs. J. R. Elder, at Berryville, Va. The telegraph office at Berryville was not an office for sending or payment of money by telegraphic order. The Western Union Telegraph Company had an arrangement with the American National Bank of Washington, D. C., to transmit money deposited with it to such offices as were neither receiving nor paying offices. This was done by means of a telegram sent by the Western Union Telegraph Company in the name of the American National Bank to its correspondent, and the American National Bank was paid for this service.

The telegram in this instance was addressed to the First National Bank of Berryville, Va., the correspondent of the American National Bank of Washington, D. C., and was signed by the last-named bank and read as follows:

"Notify and pay Mrs. J. R. Elder, Berryville, Virginia, Eighteen Dollars, from J. R. Elder, Washington, D. C."

It was sent from Washington, D. C., about twelve o'clock, noon, on Saturday, March 29, and was received at Berryville, Va. about one o'clock p. m. of the same date, but was not delivered until Sunday evening, March 30. The message was known as a service message, which means that the Western Union Telegraph Company is sending its own message and not a message from J. R. Elder, under the arrangement it had with the American National Bank—in other words, the message was sent "Dead Head."

The First National Bank of Berryville brought this action under the Virginia statute—clause 6 of section 1294h, Code 1904—to recover the penalty prescribed in the statute for delay in the delivery of telegraphic messages.

At a trial of the cause before the judge of the circuit court, a jury having been by the parties waived, the defendant made the defenses—(1) That the Virginia penal statute, *supra,* did not cover such a message as is here in question, either in terms or in spirit; and (2) that it was an interstate message and under the act of Congress of June 18, 1910, the Virginia statute had no application, but the Federal statute must control, since this act of Congress put telegraph companies in the same class with all other common carriers, and made such companies liable to all of the duties and penalties imposed upon other common carriers for any dereliction of duty under the Federal law. The circuit court, however, overruled both of these defenses and entered its judgment in favor of the plaintiff for the use of Mrs. J. R. Elder, and against the defendant, for the penalty of $100 prescribed by the Virginia statute, with interest and costs, to which judgment the defendant was awarded this writ of error.

We do not deem it necessary to consider the first ground of error relied on for a reversal of this judgment, viz: that the trial court erred in holding that the statute of this State, *supra,* applied to a message of this character.

The remaining ground of error assigned is that the trial court erred in its holding that the Federal statute of June 18, 1910, did not supersede the Virginia statute and had no application to this case.

It is but fair to say here that when the judgment of the circuit court complained of was rendered, this court

had not handed down its opinion in the case of the *Western Union Tel. Co.* v. *Bilisoly, ante,* p. 562, 82 S. E. 91, which was an action to recover the statutory penalty for alleged delay of a certain telegraphic message, known as a "night letter." The opinion of the court in that case says: "By an act of Congress approved June 18, 1910, telegraph companies, so far as interstate business is concerned, have been placed under the direct supervision of the Interstate Commerce Commission, and are subject, so far as applicable, to the same rules, restrictions and penalties that are imposed upon common carriers. This act has occupied the entire field and taken complete control of the regulation of telegraph companies, and while it has impliedly exempted them from any penalty for negligence, it has provided a severe maximum penalty for intentional discrimination. Before the passage of this act there had been no legislalation by Congress affecting or conflicting with the State statutes imposing a penalty for failure to deliver messages promptly, and therefore the State statutes affecting telegraph companies were upheld, even as to interstate messages, upon the ground that until Congress has legislated upon the subject matter of telegraph companies, the State statutes were applicable."

After citing certain decisions by the Supreme Court of the United States and briefly commenting on this court's opinion in *Telegraph Co.* v. *White,* 113 Va. 421, 74 S. E. 174, the opinion in the *Bilisoly case* further says: "Such judicial utterances would mean nothing unless they meant that when Congress did act and undertake to regulate telegraph companies in the matter of the transmission of interstate messages, the statutes of the State on the subject would be superseded by that action. It would be inconvenient as well as unnecessary to recite the detailed provision of the act of Congress approved

June 18, 1910. It is sufficient to say that by it Congress has occupied the field of regulation with respect to interstate telegrams, and hence the State statutes imposing penalties for failure to make prompt delivery can no longer be invoked in such cases. The act of Congress has ousted the State of jurisdiction over the subject.''

The court is not advised of any sufficient reason why it should recede from its rulings in that case, and clearly they control in the decision of the case here in judgment.

Defendant in error, the First National Bank of Berryville, plaintiff below, makes the contention, however, that in reversing the judgment of the circuit court complained of, costs should be awarded against Mrs. J. R. Elder, for whose use this action was brought, and not against the plaintiff bank.

Section 3546 of the Code, 1904, is but declaratory of the rule established in the cases decided by this court of a similar nature to this, viz: ''When a suit is in the name of one person for the benefit of any other, if there be judgment for defendant's costs, it shall be against that other.''

In *Hayes and wife* v. *Va. Mu. Protective Asso.*, 76 Va. 225, the opinion quotes from the opinion in *Clarkson* v. *Dodridge,* 14 Gratt. (55 Va.) 44, as follows: ''It is usual, when an action is brought in the name of one person for the use of another, to state the fact in the body of the declaration, or by an endorsement thereon, or on the writ. And it is useful and convenient to do so . . . but this is not necessary. The endorsement may be made at any time during the progress of the suit. It is sometimes not made until after the execution is issued.''

In the case at bar, the declaration does not state that the action is for the use of Mrs. J. R. Elder, but there appears in the record an opinion rendered by the learned judge of the circuit court in deciding the case, the con-

cluding paragraph of which is: "I consider, therefore, the judgment of the court shall be for plaintiff, which I understand is to be marked for the use of Mrs. Elder." And the order of the court, entering its judgment on the order book, expressly stated that the recovery by the plaintiff of the statutory penalty of $100, with interest, was "for the use of Mrs. J. R. Elder."

It appears, therefore, that it was understood by all concerned in the suit and during its progress, that it was brought for the use of Mrs. J. R. Elder, and that the plaintiff bank had no interest whatever in the result, but had merely brought the suit, in conformity with the provision of the statute. In these circumstances we think it clearly within the spirit, if not the letter, of the statute—sec. 3546, *supra*—as well as within the control of the sound reasoning of the court in the cases referred to, *supra*, that a judgment for costs incurred in this suit should be against the person for whose use and benefit it was brought, and not against the bank, the nominal plaintiff in the action.

It follows that the judgment of the circuit court must be reversed and judgment entered here for plaintiff in error, defendant below, with costs, to be recovered by it of Mrs. J. R. Elder and not of the plaintiff bank.

*Reversed.*