# Staunton.

## WESTERN UNION TELEGRAPH CO. v. BRIGHT.

### SEPTEMBER 13th, 1894.

1. CONSTITUTION—*Code,* § 1292.—That section providing that for every failure of a telegraph company to deliver or forward a dispatch as promptly as practicable, the company shall forfeit one hundred dollars to the person sending the dispatch, or to the person to whom it was addressed : *held,* not repugnant to the constitution of the United States.   *W. U. T. Co.* v. *Tyler, ante,* p. 297.

2. CIRCUIT COURTS—*Motion to recover forfeits.*—Said courts have no jurisdiction of motions to recover forfeits specified in § 1292, as § 3211 authorizes the remedy by motion only in cases where plaintiff is entitled to recover money on action or *a contract,* and the proceeding to recover such forfeit is founded, not upon a contract, but upon a *tort; i. e.,* a wrongful violation of a public duty.   *W. U. T. Co.* v. *Pettijohn,* 88 Va., 298.

3. IDEM—*Special powers—Record—Dismissal.*—Where a court acts under special powers, it has only the jurisdiction expressly delegated, and it must appear from the record that its acts are within its jurisdiction ; and the court will dismiss the case at any time when the fact is brought to its notice.

Argued at Wytheville.   Decided at Staunton.

Error to judgment of circuit court of Franklin county, rendered October 26, 1892, in a proceeding by motion wherein George M. Bright was plaintiff, and the Western Union Telegraph Company was defendant.   The judgment being adverse to the defendant company, it obtained a writ of error from one of the judges of this court.   Opinion states the case.

*Robert Stiles,* for plaintiff in error.

*Anderson & Hairston*, for defendant in error.

LEWIS, P., delivered the opinion of the court.

This was a motion in the court below to recover a penalty of $100, provided by section 1292 of the Code, for the failure of the defendant company to deliver as promptly as practicable a certain dispatch transmitted from Abingdon to Rocky Mount (points within this State), and addressed to the plaintiff. Section 3211, under which the proceeding was had, enacts that "any person, entitled to recover money by action under a contract, may, on motion before any court which would have jurisdiction in an action, otherwise than under section 3215, obtain judgment for such money after fifteen days' notice, which notice shall be returned to the clerk's office of such court ten days before the commencement of the term," etc.

The defendant company appeared and moved to dismiss the motion, on the ground, among others, that the circuit court had no jurisdiction to entertain it, which motion was overruled; and all matters of law and fact having been submitted to the court, judgment was given for the plaintiff.

1. The point was also made, and is repeated in the petition for appeal, that section 1292 of the Code is repugnant to the commerce clause of the constitution of the United States. But the point, while sufficient to give this court jurisdiction of the case, although the matter in controversy is less in amount than $500, is not well taken. The dispatch in question was a private domestic dispatch, and, therefore, not within the purview of the federal constitution; for the rule is well settled, as declared by the Supreme Court of the United States in *Telegraph Co.* v. *Texas*, 105 U. S., 460, that the regulation of such dispatches belongs exclusively to the State in which they are transmitted as does the regulation of interstate commerce to congress; nor does the fact that the defendant company also does an interstate business, and is, therefore, an instrument of interstate com-

merce, affect the case. *Leloup* v. *Port of Mobile*, 127 U. S., 640, 647; *West. Union Tel. Co.* v. *Alabama*, 132 *Id.*, 472; *Postal Tel. Cable Co.* v. *Charleston*, 153 *Id.*, 692.

In the recent case of *West. Union Tel. Co.* v. *Tyler, ante*, p. 297, decided since the present appeal was taken, it was held that section 1292 is valid, even as applied to a dispatch sent from another State, in the absence of any conflicting regulation on the subject by congress; and to that ruling, without restating the reasons upon which it was founded, we adhere.

2. But that the circuit court was without jurisdiction to entertain the motion is, we think, clear. Section 3211 authorizes the remedy by motion only in those cases in which the plaintiff is entitled to recover money by action on *a contract;* and here the proceeding is founded, not upon contract, but upon a tort—*i. e.*, a wrongful violation of a public duty. The case of *West. Union Tel. Co.* v. *Pettyjohn*, 88 Va., 296, is a sufficient authority upon this point. It is true that an action of debt lies for a statutory penalty, but this is because the sum demanded is certain, and not because the cause of action arises *ex contractu*. *Chaffee* v. *United States*, 18 Wall., 516.

The principle laid down by Blackstone (3 Comm., 159) that every man impliedly agrees to obey the laws of the State, and consequently to pay all penalties incurred under any act of the legislature for a violation of its provisions, is altogether too broad for a case like the present; for upon the principle of an implied contract to obey the laws, and not to injure one's neighbor, *assumpsit*, if not debt, would lie for an assault and battery, or for arson, or any other like offence, which would hardly be seriously contended for.

Accordingly, in *Zeigler* v. *Gram*, 13 S. & R., 102, it was held that a justice of the peace whose jurisdiction, under the statutes of Pennsylvania, was confined to those causes of action arising from contract express or implied, had not jurisdiction of an action to recover a statutory penalty for not entering satisfaction of a judgment; and Gibson, J., speaking for the court,

said: "When a statute imposes a penalty, but prescribes no method of recovery, recourse may doubtless be had to the action of debt; and every debt is said to arise out of a contract either express or implied. But in jurisprudence the word contract is generally used to denote a bargain or agreement; and it is plain that in these acts of assembly it was used in that sense by the legislature, who had in view those contracts that arise immediately out of a course of dealing between the parties, and not that sort of contract that arises remotely out of the compact of government."

The same view was taken by the New York Court of Appeals in *McConn* v. *Railroad Company*, 50 N. Y., 176.

Another case in point is *West. Union Tel. Co.* v. *Taylor*, 84 Ga., 408; *S. C.*, 11 S. E. Rep., 396. There, the jurisdiction of justices' courts being limited by the constitution of Georgia to "civil cases arising *ex contractu*, and cases of injuries or damages to personal property," the question was, whether they could be invested by the legislature with jurisdiction over actions to recover a penalty imposed by statute upon telegraph companies for undue delay in the transmission and delivery of messages; and it was held that they could not, on the ground that the penalty was for a violation of a public duty, and not for a breach of contract. That was an action by the person to whom the message was addressed; and in answer to the suggestions of counsel, that there was a contract between the sender of the message and the defendant company which would support the action, the court said: "The penalty is not given, in whole or in part, as compensation in damages for a violation of that contract. On the contrary, both the sender, with whom the company had a contract, and the person to whom the telegram was addressed, and with whom the company had no contract, are left in full possession of all their rights, outside of penalty, in every respect. That the penalty is imposed solely for the wrongful violation of a public duty is manifest; and it.

seems to us to make no difference that this particular instance of that duty had its origin in contract."

It follows that the plaintiff in the present case is not entitled to recover the penalty sued for by virtue of "any contract," and, consequently, that the judgment of the circuit court must be reversed, and such order entered here as that court ought to have entered.

JUDGMENT REVERSED.