## Richmond.

### WESTERN UNION TELEGRAPH CO. *v.* POWELL.

February 4, 1897.

1. CONSTITUTIONAL LAW—*Sections 1291 and 1292 of the Code—Telegraph Companies.*—Sections 1291 and 1292 of the Code regulating the sending and delivery of telegraphic messages, interstate and domestic, are not in conflict with the commerce clause of the Constitution of the United States, but are constitutional.

2. CONSTITUTIONAL LAW—*Jurisdiction of Court of Appeals—Amount in controversy.*—Where the jurisdiction of the Court of Appeals has been invoked in good faith to determine the constitutionality of a law, a writ of error will not be dismissed as improvidently awarded merely because, after it was awarded but before hearing, the law has been held to be constitutional in some other case. And, having jurisdiction on one ground, it has it for all purposes, although the amount involved is less than $500.

3. PLEADING—*Action for a penalty—What declaration must state—Telegraph Company.*—In an action upon a penal statute which does not authorize the plaintiff to declare generally, it is material that the offence or act charged to have been committed or omitted by the defendant should appear to have been within the provisions of the statute, and all the circumstances necessary to support the action should be stated in the declaration. In the case at bar, under a statute imposing a penalty on a telegraph company for failure to deliver promptly a dispatch, upon its arrival, the declaration is fatally defective, in that it fails to aver that the dispatch arrived at the point to which it was to be transmitted.

4. APPELLATE COURT—*Certificate of evidence or facts.*—Since the Code of 1887 went into effect, a case at law, heard and determined by the court, as well as a case tried by a jury, may be heard in the Appellate Court either upon a certificate of facts, or of the evidence. In either case the court should certify the facts when it can do so, but, if it be unable or unwilling to certify the facts because the evidence is conflicting or complicated, or of doubtful credibility, it should certify the evidence.

5. APPELLATE COURT—*Objections to evidence for the first time.*—As a rule, objections to evidence cannot be made for the first time in the Appellate Court, and certainly not where the objection is that the evidence is not the best evidence of the fact which it was offered to prove.

6. Telegraph Companies—*Restri ting liability—Endorsement on message blanks.*—A telegraph company, in the absence of a contract restricting its liability for services which it undertakes to render, cannot rely upon endorsements made on its message blanks to restrict such liability, when the plaintiff neither signed the blank nor authorized any one to do so for him.

Error to a judgment of the Law and Equity Court of the city of Richmond, rendered October 16, 1894, in an action of debt, wherein the defendant in error was the plaintiff, and the plaintiff in error was defendant.

*Reversed.*

The declaration in this case was in the words and figures following, to-wit:

"J. M. Powell, plaintiff, complains of the Western Union Telegraph Company, a corporation, defendant, of a plea that it render unto the plaintiff the sum of one hundred dollars, which it owes to and unjustly detains from him for this, to-wit: that the plaintiff, who resides in the city of Richmond, at No. 1107 Taylor street, was at Mathews courthouse, in the county of Mathews, Virginia, on Thursday, the 9th day of November, 1893, and then and there delivered to the Tide-water Telephone Company, a corporation created under the laws of Virginia, and doing business in this State, a message in the words and figures following, to-wit:

"November 9th, 1893.

"Dated at Mathews C. H., Va.,

To Mrs. J. M. Powell, 1107 Taylor street,

Richmond, Va.

' Be home Saturday, no boat on account of storm.

J. M. Powell.'

to be transmitted by said Tidewater Telephone Company to West Point, and there delivered to the Western Union Telegraph Company, doing business in this State, and by it (said

defendant company) transmitted to his wife, Mrs. J. M. Powell, who resides at No. 1107 Taylor street, Richmond, Virginia, and was then at her said place of residence, which said message was then and there, to-wit: at Mathews Courthouse, received by said Tidewater Telephone Company, and all the charges for sending and delivering the said message at its place of destination, according to the regulations of the said Tidewater Telephone Company, were then and there prepaid by the plaintiff to the said Tidewater Telephone Company; and the plaintiff avers that the said Tidewater Telephone Company faithfully and impartially, sent and delivered the said message to the said Western Union Telegraph Company at West Point, Virginia, and the said defendant company received the said message and undertook and agreed to transmit the same faithfully and impartially and as promptly as practicable in order of delivery, to the said Mrs. J. M. Powell, at No. 1107 Taylor street, Richmond, Virginia, the payment of the usual charges therefor, according to the regulations of said defendant company, having been made to the said Tidewater Telephone Company as aforesaid.

"And the plaintiff avers that it was the duty of said defendant company to transmit the said message faithfully and impartially, yet the plaintiff avers that the defendant wholly failed to discharge its said duty in this regard to the plaintiff, and did not faithfully transmit the said message to the said Mrs. J. M. Powell, at No. 1107 Taylor street, Richmond, Va., whereby and in consequence of such breach of duty on its part, and of its failure to transmit faithfully the said message as aforesaid, the said defendant company became indebted, under the statute in such case, made and provided, to the plaintiff in the sum of $100, to be paid to the plaintiff whenever the said defendant should be thereunto afterwards requested.

"And the plaintiff further avers that it became, and was the duty of the defendant to deliver the said message to the said

Mrs. J. M. Powell, at No. 1107 Taylor street, Richmond, Virginia, as promptly as practicable, and that it was practicable to deliver the same to the said Mrs. J. M. Powell, at No. 1107 Taylor street, Richmond, Virginia, on the 9th day of November, 1893, yet the plaintiff avers that the defendant company wholly failed to discharge its said duty in this regard, and did not deliver to the said Mrs. J. M. Powell, at No. 1107 Taylor street, Richmond, Virginia, the said message at all on the said 9th day of November, 1893, whereby and in consequence of said breach of duty on its part and of its failure to deliver the said message to the said Mrs. J. M. Powell, at No. 1107 Taylor street, Richmond, Virginia, as promptly as practicable, the said defendant company became indebted, under the statute in such case made and provided, to the plaintiff in the sum of one hundred dollars, above demanded, to be paid to the said plaintiff whenever the said defendant company should be thereunto afterwards requested.

"Yet the said defendant, although often requested, has not as yet paid to the plaintiff the said sums of money above demanded, nor any part thereof, but the same to pay has hitherto wholly failed and refused, to the damage of the plaintiff $250. And therefore he brings his suits, &c."

The opinion states the case.

*Stiles & Holladay* and *S. L. Kelley*, for the plaintiff in error.

*Pollard & Sands*, for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

Section 1291 of the Code provides, among other things, that any telegraph company doing business in this State, which fails to transmit a dispatch as provided for in that sec-

tion shall forfeit one hundred dollars to the person sending or wishing to send such dispatch.

Section 1292 provides for a like forfeiture where, after the arrival of the dispatch at the point to which it was to be transmitted, the company fails to deliver it promptly to the person to whom it is addressed, where the regulations of the company require such delivery.

For an alleged violation of these provisions of the Code, this action was instituted.

There are two counts in the declaration. The first is based on section 1291, and the second on section 1292. The defendant company demurred to the declaration, and to each count thereof. The demurrer was overruled. This action of the court is assigned as error.

The demurrer to the declaration put in issue the constitutionality of the statutes upon which the action was based. The ground upon which it is claimed that these sections were invalid is, that they are regulations of interstate commerce in so far as their provisions apply to interstate messages, and that, although the message in this case was a domestic message, a subject over which the State Legislature clearly had jurisdiction, yet inasmuch as these sections are general, applying alike to both classes of messages, and their provisions being so connected together that what is valid cannot be separated from what is invalid, they must be held to be wholly void. *Trade Mark Cases*, 100 U. S. 82. Whether the provisions of these sections are so connected together that one cannot be separated from the other is immaterial, as in our opinion the whole of both sections are constitutional.

It was held by this court in *Western Union Tel. Co.* v. *Tyler*, 90 Va. 297, and *Same* v. *Bright*, Id. 778, that section 1292 was not repugnant to the commerce clause of the Federal Constitution, and for like reasons, and upon the same grounds, which need not be again stated here, we are of

opinion that section 1291 is not in conflict with that constitution.

Since this writ of error was awarded the Supreme Court of the United States, in the case of the *Western Union Tel. Company* v. *James*, reported in 162 U. S. 650, a case arising on simmilar provisions in the statutes of the State of Georgia, have held such provisions as to interstate messages to be a reasonable exercise of the police power of the State, and not in conflict with the commerce clause of the Federal Constitution, in the absence of congressonal legslation upon the subject.

It is claimed by the defendant in error that the decisions of this court upon section 1292, and the decision of the Supreme Court of the United States in the *James Case* referred to above, upon a statute containing provisions similar to sections 1291 and 1292, have settled the validity of these sections, and that this case no longer involves a constitutional question, and for that reason this writ of error ought to be dismissed as improvidently awarded, without considering the other errors assigned in the case, because the amount involved in the case is less than $500. This contention cannot be sustained. When this writ of error was awarded sec. 1291 had not been held by this court to be constitutional, nor had the decision in the *James Case* been made by the Supreme Court of the United States, holding such legislation by the States to be a valid exercise of their police power. Under the circumstances surrounding this case, we cannot say that the jurisdiction of this court was not invoked in good faith to determine the constitutionality of the statutes in question.

Its jurisdiction having been properly invoked upon one of the grounds provided in the constitution and laws, it has jurisdiction of the case for all purposes, although the amount involved is less than $500. *Western Union Telegraph Co.* v. *Bright*, 90 Va. 778, 779.

The next assignment of error is that the declaration, even

if sections 1291 and 1292 of the Code be held valid, does not state a good cause of action, and that the demurrer to each count thereof should have been sustained.

It is material in an action upon a penal statute, where the statute does not authorize the plaintiff to declare generally, that the offence or act charged to have been committed or omitted by the defendant, should appear to have been within the provisions of the statute, and that all the circumstances necessary to support the action should be stated in the declaration. 1 Chitty Pl., 386 (side page 356-7); 4 Minor's Inst., (3d Ed.) 705; 3 Rob. Pr. (new), 612, &c.

The first count of the declaration does, we think, state a good cause of action. As to it the demurrer was properly overruled.

The second count, however, is fatally defective, and the demurrer to it should have been sustained.

The language of the statute (sec. 1292 of the Code), on which that count is based, provides that, "It shall be the duty of every telegraph or telephone company, upon the arrival of a dispatch at the point to which it is to be transmitted by said company to deliver it promptly to the person to whom it is addressed, where the regulations of the company require such delivery, or to forward it promptly as directed, where the same is to be forwarded. For every such failure to deliver or forward a dispatch as promptly as practicable, the company shall forfeit one hundred dollars to the person sending the dispatch, or to the person to whom it is addressed."

There is no averment that the dispatch in question ever arrived in Richmond, the point to which it was to be transmitted. Without the averment and proof of that fact there could be no recovery by the plaintiff upon that count. Neither was there any express averment that the regulations of the company required the delivery of such message at the number and street designated. Perhaps, as is contended by the counsel of the plaintiff, the averment that it was the duty of

the company to deliver the message at 1107 Taylor street, Richmond, Va., may be considered as substantially averring that the regulations of the company required such delivery, but this is by no means clear in an action on a penal statute. Be that as it may, the second count is clearly insufficient for the first named defect. For this error the judgment of the trial court will have to be reversed, unless it appears from the record that no injury could or did result to the defendant therefrom.

The court at the instance of the defendant certified the facts proved, over the objection of the plaintiff who insisted that the court could only certify *the evidence* and *not the facts* proved in a case like this, where a jury was waived, and the whole matter of law and fact was heard and determined by the court.

In *Pryor* v. *Kuhn*, 12 Gratt. 615, this court held (Moncure, J., dissenting) that the bill of exceptions in a case like this should set out the facts proved and not the evidence.

In *Wickham & Goshorn* v. *Lewis, Martin & Co.*, 13 Gratt. 437, Judges Allen and Samuels held that the facts should be certified, whilst Judges Daniel and Moncure were of the opinion that the evidence, and not the facts, should be certified. Judge Lee did not deem the decision of that question necessary to a decision of the case, and therefore declined to express any opinion upon it.

In *Mitchell* v. *Baratta*, 17 Gratt. 445, Judges Moncure and Rives were of the opinion that the evidence and not the facts should be certified. Judge Joynes (the court as then constituted consisting of only three members) dissented from the other judges upon that point.

The case of *Hodge* v. *First National Bank*, 22 Gratt. 51, 56, is cited to show that the evidence (not the facts) must be certified. The head notes of the case do so state, but that question was not decided in the case.

In the case of *Old Dominion Steamship Company* v. *Burk-*

*hardt*, 31 Gratt. 654, 666-7, the judge delivering the opinion of the court referred to the conflict of opinion upon the subject, but said that it was not necessary in that case to reconcile these conflicting decisions, and to declare what was the true rule.

This seems to have been the condition of the law upon the subject when the Code of 1887 went into effect. By section 3484 of the Code it is provided:

"When a case at law, civil or criminal, is tried by a jury, and a party excepts to the judgment or action of the court in granting or refusing to grant a new trial on a motion to set aside the verdict of a jury on the ground that it is contrary to the evidence ; or when a case at law is decided by a court or judge without the intervention of a jury, and a party excepts to the decision on the ground that it is contrary to the evidence, and the evidence (not the facts) is certified, the rule of decision in the appellate court in considering the evidence in the case shall be as on a demurrer to the evidence by the party excepting."

It is to be clearly implied from this section that a case at law, whether tried by a jury or decided by the court, may be heard in the appellate court when either the facts or the evidence are certified; and it provides when the evidence (not the facts) is certified that it shall be heard as on a demurrer to evidence.

Since the Code of 1887 went into effect, whatever may have been the correct practice prior to that time, we are of opinion that a case at law heard and determined by the court, as well as a case tried by jury, may be heard in the appellate court either upon a certificate of facts, or a certificate of evidence.

Where the court is able to certify the facts, in either class of cases, it should do so, but if it be unable or unwilling to certify the facts because the evidence is conflicting, or complicated, or of doubtful credibility, it should certify the evidence. This inability or unwillingness on the part of the court to certify the facts may arise in cases heard and determined by the court as well as in cases tried by a jury. "For,"

as was said by Judge Moncure, in *Pryor* v. *Kuhn*, 12 Gratt. 625, "a court may be able to render judgment in a case without being able or willing to state in detail all the facts proved by a mass of complicated, doubtful, or conflicting evidence."

The objection that the endorsements made on the telegraph blank offered in evidence could not have been considered by the court below, and cannot be considered here, "as proof of the statements they purport to make because they were not, and are not the best evidence of the alleged facts," comes too late. No objection was made to the evidence introduced by either party in the court below. As a rule, objections to evidence cannot be made for the first time in the appellate court, and certainly not where the objection is that the evidence is not the best evidence of the fact which it was offered to prove; for in such a case, if the objection had been made in the court below, the party might have been able to cure the defect. 4 Minor's Inst. (3d Ed.), 1081, and cases there cited; *Warren* v. *Warren*, 93 Va. 73; *Martin* v. *South Salem Land Co.*, ante p. 28. And this rule applies to cases heard and determined by the court, as well as in cases tried by juries. *Smith* v. *Burton*, ante p. 158.

The record does not show that the defendant in any way restricted its general liability for the service which it undertook to render, and, in the absence of such a contract, it cannot rely upon the conditions of the message blank upon which was written the message delivered to the telegraph company for transmission. The plaintiff did not sign that blank, nor did he authorize any one else to do so for him.

The facts certified show that the message sent from Mathews courthouse to Richmond, Va., was transmitted over the line of the Tidewater Telephone Company, as well as over the line of the defendant company, and that the mistake in the address which was made in its transmission occurred before it was delivered for transmission to the defendant company. There is nothing in the record to show that the de-

Opinion.

fendant company did not transmit the message as received by it faithfully and impartially, and as promptly as practicable, to Richmond, the point to which was to be transmitted. The plaintiff having failed to prove the case made in the first count in the declaration, and the second count not being sufficient, as we have seen, to sustain a recovery, the judgment of the lower court must be reversed, the demurrer to the second count of the declaration sustained, and the cause remanded to the lower court with leave to the plaintiff to amend his declaration if he be so advised.

*Reversed.*