# GRIEF

### v.

## NORFOLK & W. R. Co.

*(Supreme Court of Appeals of Virginia, June 23, 1898.)*

[30 S. E. Rep. 438.]

### Ejectment—Disputed Boundary Line—Question for Jury.*

In ejectment, involving the location of a disputed boundary line called for in a grant more than 100 years old, the question whether marked trees found on or near the line were in fact line trees was for the jury, or the court where a jury was waived.

### Same—Same—Same—Evidence.

Evidence of marks on trees claimed to be line trees was admissible.

### Same—Same—Same—Burden of Proof.

The burden is on the plaintiff to prove the line he claims correct.

### Same—Same—Same—Judgment.

The judgment should be for the defendant, where the plaintiff fails to prove the line he claims correct, even though the line located by defendant could not be satisfactorily established.

### Question of Fact—Judgment on.

A judgment upon a question of fact will be affirmed, where the evidence does not plainly show that it was erroneous.

Error to circuit court, Wythe county.

Ejectment by Max Grief against the Norfolk & Western Railroad Company. From a judgment for defendant and a refusal to grant a new trial, plaintiff brings error. Affirmed.

---

*See monographic note on ''Ejectment,'' Va. Rep. Anno.

*Jos. W. Caldwell* and *M. M. Caldwell*, for plaintiff in error.

*Bolling & Stanley*, *J. H. Fulton*, and *C. B. Thomas*, for defendant in error.

BUCHANAN, J., delivered the opinion of the court.

The controversy in this case, which is an action of ejectment, is over a narrow strip of land, 30 feet wide at one end and 26 feet wide at the other, and containing less than 1 acre.

Upon the trial of the cause a jury was waived, and, all matters of law and fact being submitted to the court for its decision, it gave judgment for the defendant. The court overruled the plaintiff's motion to set aside its finding and grant him a new trial. To this action of the court the plaintiff excepted, and filed his bill of exceptions, in which the evidence in the cause is certified.

The case must be heard in this court as upon a demurrer to evidence. Code, § 3484 ; Telegraph Co. v. Powell, 94 Va. 268, 26 S. E. 828 ; Harman v. Stearns, 95 Va. — ; 27 S. E. 601.

The right of the plaintiff to recover (assuming that he had title to the land in controversy, if it was within the limits of the deed under which he claimed) depended upon the location of the first line called for in the grant of the commonwealth to Robert Morris for 75,000 acres of land, dated March 19, 1795.

The call for that line is as follows : "Beginning at a red oak, white oak, and four chestnut trees in the head of a hollow on the east side of a ridge about one quarter of a mile from the road leading from John Miller's to William Patterson's in the cove, about one mile from the wagon road leading from Wythe Court House to Pepper's Ferry, on New river, and running N., 75 degrees E., 1,600 poles, crossing several small branches

of Peek,   *   *   *   and at 720 poles to two chestnut oaks and three chestnut trees on the north side of Pepper's Ferry road, about 80 poles from the top of the Indian Grave ridge."

At the beginning corner the white oak called for is still standing. The other trees called for are not found, unless a chestnut standing 74 feet southwest of the white oak is one of them, as claimed by the plaintiff. The trees called for at the other end of the 1,600-pole line are not found, except the two chestnut oaks, which are recognized by both parties as corner trees.

The line in controversy was located more than 100 years ago. It is five miles long. It runs through one of the roughest and most rugged mountain portions of Wythe county, where it is very difficult, if not impossible, as the evidence shows, to run accurately a line of that length with a surveyor's compass, such as the survey relied on by the plaintiff was run with. The distance between the line as located by the plaintiff and as located by the defendant, where the land in controversy lies, is only about 30 feet. These lines were run upon different degrees, and from different beginnings, and with different kinds of instruments. On and near the line as claimed by the defendant were found trees marked as line trees. The marks upon them correspond, in the opinion of some of the witnesses, with the marks upon the white oak at the beginning corner, which was recognized by the parties as one of the trees called for at that corner. The evidence of the defendant tended strongly to show that a corner of an adjacent landowner, which, according to his title papers, was in the old patent line, was in the line as run and claimed by the defendant, but that it was more than 60 feet from the line as claimed by the plaintiff. Whether the trees so marked and found on or near the line were in fact line trees, and marked when the original line was surveyed, was a question of fact for the jury. Blocking the trees was one of the means of proving the fact, but it was not the only way of doing so.

What are the termini or boundaries in a grant or deed is a question of law, for the court; but where the termini or boundaries are located is a question of fact, for the jury.

The evidence introduced by the defendant as to the character of the marks upon the trees claimed to be line trees was admissible, and tended strongly to show that the line as claimed by the defendant was the true line. The burden of proving where the original line was located was upon the plaintiff, and unless upon the whole evidence the jury (or court) were satisfied that the line as claimed by the plaintiff was the correct line, and that the land in controversy was within the limits of the 75,000-acre grant, they were bound to find for the defendant, although they may not have been entirely satisfied that the line as located by the defendant was correct.

Much parol evidence was introduced by both parties to sustain their respective contentions as to the location of the line. The greater part of the record, which contains over 300 printed pages, is upon this point. It is simply impossible, in an opinion of reasonable length, to attempt any detailed review of the evidence; and, if it were attempted, it could serve no good purpose.

It is sufficient to say that, after a careful examination and consideration of the whole record, we are satisfied that the judgment of the court, considered as on a demurrer to the evidence, is not plainly erroneous. It must therefore be affirmed.