# 𝔖𝔱𝔞𝔲𝔫𝔱𝔬𝔫

## DIXON LIVERY COMPANY V. BOND.

### September 9, 1915.

1. PLEADING — *Several Issues — Separate Trials — Discretion.*— Whether several issues of fact, in an action at law, shall be tried jointly or severally is a matter of procedure within the discretion of the trial court whose action will not be reversed where it appears it could not have been prejudicial.

2. PLEADING—*Res Judicata—Partnership—Knowledge of Partnership.*—Upon an issue as to the existence of a partnership between the plaintiffs, the knowledge of the defendant of such existence is not involved, and a verdict finding that a partnership existed does not conclude the question of the defendant's knowledge thereof.

3. SET-OFFS—*Individual Against Partnership—Knowledge of Partnership.*—A defendant cannot set off a claim against the plaintiff individually, if the plaintiff's claim were in fact a partnership claim, though made in his own name, and the defendant knew or ought to have known of the existence of the partnership.

4. PRINCIPAL AND AGENT—*Undisclosed Principal—Set-offs—Partnership.*—Where a contract has been made by the agent of an undisclosed principal, and a defendant has dealt with such agent, supposing him to be the sole principal, if an action be brought in the name of the principal, the defendant has the right to be placed in the same position to all intents and purposes as if the agent were the principal, and to set off claims against such agent acquired before knowledge of the fact that he was agent. The same rule is applied in the case at bar, to one who holds himself out and trades as a sole trader, when in fact he has dormant partners interested in the transaction.

Error to a judgment of the Circuit Court of Wise county in an action of debt. Judgment for the plaintiffs. Defendant assigns error.

*Reversed.*

The opinion states the case.

*Bond & Bruce,* for the plaintiff in error.

*Vicars & Peery,* for the defendants in error.

KELLY, J., delivered the opinion of the court.

This is an action of debt brought by I. P. Kane, N. M. Horton and D. S. Bond, a partnership doing business under the firm name of D. S. Bond, against the Dixon Livery Company, Inc., to recover the amount of an unpaid check and protest fees and charges thereon.

The said Kane, Horton and Bond formed a partnership for the purpose of buying and selling horses and mules. Kane and Horton furnished the money for the business and were to receive one-third of the profits, or to bear one-third of the losses, as the case might be. The business was conducted in the name of D. S. Bond, who had previously been engaged in the business of buying and selling horses and mules and who was to do the buying and selling for the firm. The bank account of this firm was kept in the name of "D. S. Bond, Special." This partnership was formed in August, 1912, and on or before December 1, 1912, D. S. Bond sold certain property of the partnership to the Dixon Livery Company, Inc., and the check which is the subject of this suit was given in settlement therefor. It was a post-dated check, and when the time for payment arrived the Dixon Livery Company stopped payment thereon. Suit was brought and the Dixon Livery Company filed a plea of *nil debet,* a plea denying the partnership, and a plea of off-set against D. S. Bond, one of the individual members of the partnership.

A trial was first had upon the issue denying the partnership, which resulted in a verdict for the plaintiffs. Thereupon, the court, on the motion of the plaintiffs and over the objection of the defendant, struck out the plea of off-set

filed by the defendant against D. S. Bond, and upon the trial of the issue raised by the plea of *nil debet* the verdict was for the plaintiffs. This was the natural and necessary result after the plea of off-set was eliminated because that plea set up the only defense upon which the defendant relied.

There were several assignments of error but only two of them need be considered. The first is to the action of the court in submitting to the jury the question of partnership, the contention of the defendant being that all matters of law and fact ought to have been submitted to the jury at one time, and that it was error to try this question of partnership as a preliminary and separate issue. In this we think there was no error, as this was a matter of procedure within the discretion of the trial court, and the defendants could not have been prejudiced by the course which was taken.

We think, however, that the second assignment of error must be sustained. This assignment involves the action of the court in striking out the special plea of set-off. That plea, omitting the itemized statement of account, was as as follows:

"And the said defendant, by its attorney, comes and says that D. S. Bond, one of the plaintiffs, was at the time of the issuance of the check sued on and at the time of the institution of this suit and now is indebted to it in the sum of One Thousand Seven Hundred and Eleven Dollars and Ninety-Four Cents ($1,711.94), upon an account which is as follows: . . .

"And defendant avers that on the 1st day of December, 1912, it purchased from said D. S. Bond certain mules at the price of Five Hundred Dollars ($500.00) and in payment therefor gave him the check for said amount, which said amount is the alleged debt sued on herein; and defendant further states that at the time it purchased said

mules and drew said check, the said D. S. Bond held himself out to be a sole trader, and did not disclose to it that he was trading for the alleged partnership; and defendant had neither notice nor knowledge of the said alleged partnership at or before the time of the issuance of the said check, but believed at the time, and still believes, that said D. S. Bond was trading as a sole trader, and not for or in the behalf of said alleged partnership.

"And said defendant avers that the said sum of money so due and owing from the said plaintiff, D. S. Bond, to the said defendant is still in arrears and unpaid and it, the said defendant, is ready and willing and hereby offers according to the form of the statute for such cases made and provided to set off and allow against the said sum of money alleged to be due and payable by the said defendant and to the said plaintiff, D. S. Bond. And this the said defendant is ready to verify."

This plea may not have been technically and formally in all respects perfect, but it was substantially good and there was no demurrer or exception thereto on account of its form. If the facts stated in the plea were true the defendant had the same right to set off the account which it would have had if the check had belonged solely to D. S. Bond.

The trial of the question of partnership settled the fact that the partnership existed, but it by no means settled the question as to the defendant's knowledge of such partnership. It is true that some of the evidence upon the trial as to the partnership tended to show that the defendant knew of its existence; but the question of such knowledge was not then in issue. The court ought to have permitted the Dixon Livery Company to file the plea. Then, upon the trial, if it appeared that the Dixon Livery Company knew or ought to have known of the existence of the partnership, the off-set would not have been effective.

Upon the face of the plea the defendant stated a case entitling him to set off the account.

In *Leterman* v. *Charlottesville Co.,* 110 Va. 769, 67 S. E. 281, Judge Buchanan, in delivering the opinion of the court, said: "It is also equally well settled that upon such a contract either the agent or the principal may sue; the defendant, where the principal sues upon it, being entitled to be placed in the same situation at the time of the disclosure of the real principal as if the agent had been the contracting party. *National Bank* v. *Nolting,* 94 Va. 263, 26 S. E. 826; 3 Rob. Pr. (New), 36, and cases cited; 1 Min. Inst. 239, and cases cited; Clark & Skyles on Law of Agency, sec. 614."

Mr. Burks, in his book on Pleading and Practice, at page 440, says: "Where a contract has been made by an agent of an undisclosed principal and a defendant has dealt with such agent, supposing him to be the sole principal, if the action be brought in the name of the principal, the defendant has the right to be put in the same position to all intents and purposes as if the agent were the principal, and to set off claims against such agent acquired before knowledge of the fact that he was agent." See also 25 Am. & Eng. Enc. Law (2d Ed.), 538-539; Story on Agency, p. 477.

The relationship, so far as pertinent here, between a member of a firm holding himself out and trading as a sole trader is the same toward his dormant partners as is the relationship of an agent trading in his own name toward his undisclosed principal. See *Leterman* v. *Charlottesville Co., supra.*

It follows that the circuit court erred in excluding the special plea aforesaid, and for this error the judgment complained of must be reversed and the cause remanded for further proceedings to be had therein not inconsistent with this opinion.

*Reversed.*