## UNITED STATES, to Use of YARNALL, v. SOUTHERN DREDGING CO. et al.

### (District Court, D. Delaware. May 14, 1918.)

### No. 1.

1. PLEADING ⬤⟳36(2)—SWORN STATEMENT—CONCLUSIVENESS.
　　An erroneous statement in the return of process cannot prevail against the sworn statement in the petition that defendant surety company is a corporation of Oklahoma, which statement is conclusive on the point against plaintiff.

2. COURTS ⬤⟳344—FEDERAL COURT—SERVICE OF PROCESS—SURETY ON BOND OF CONTRACTOR FOR PUBLIC WORKS—STATUTES.
　　Under Act Cong. Aug. 13, 1894, § 2, as amended by Act Cong. Feb. 24, 1905 (Comp. St. 1916, § 6923), for protection of persons furnishing materials and labor for public works, service upon surety company, doing business under act beyond state or territory of incorporation, through clerk of District Court, being manifestly personal, there must be personal service upon resident agent of such company; Rev. St. § 914 (Comp. St. 1916, § 1537), having no application.

3. ACTION ⬤⟳35—STATUTE CREATING NEW RIGHT—ENFORCEMENT.
　　Where a new right is created by statute, unknown to the common law, and the mode in which it may be enforced is specifically provided, the prescribed mode measures the extent of the power, and the right can be enforced in no other manner.

4. PROCESS ⬤⟳158—DEFECT IN RETURN OF SERVICE—MOTION TO QUASH.
　　Defect in the return of service of process appearing on the face of the record is properly the subject of a motion to quash, and need not be taken up under a plea of abatement.

5. JUDGMENT ⬤⟳17(1)—ABSENCE OF SERVICE OF PROCESS—LACK OF JURISDICTION.
　　Without valid service of process upon defendant, in the absence of its voluntary appearance, there can be no recovery.

At Law. Action by the United States, to the use of Robert W. Yarnall, against the Southern Dredging Company and the Southwestern Surety Insurance Company. On defendant surety's motion to quash return of service upon it. Motion granted.

Richard S. Rodney, of Wilmington, Del., for plaintiff.

Thomas M. Fields, of Washington, D. C., for defendant Southwestern Surety Ins. Co.

BRADFORD, District Judge. This is an action brought under the act of Congress of February 24, 1905, (33 Stat. 811, c. 778 [Comp. St. 1916, § 6923]), amendatory of the act of Congress of August 13, 1894 (28 Stat. 278, c. 280), entitled "An act for the protection of persons furnishing materials and labor for the construction of public works." It appears from the petition or statement of claim of the use-plaintiff that the defendant, Southern Dredging Company, the principal in the bond, is a corporation of Alabama, and the Southwestern

⬤⟳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Surety Insurance Company, surety therein, a corporation of Oklahoma, the latter corporation being hereinafter referred to as the surety company. In the process issued in the proceedings the two defendant corporations are referred to as of Alabama and Oklahoma respectively, as specified in the petition. September 11, 1917, the marshal made return of the process as follows:

"District of Delaware, ss:

"I hereby certify and return that at Dover, in said district on the tenth day of August, A. D. 1917, I served the within Summons upon the within named defendant Southwestern Surety Insurance Company, a corporation of the State of Delaware, by leaving a true copy thereof at the dwelling house or usual place of abode of Alexander M. Daly, resident agent in charge of the principal office of the said corporation, defendant, in the state of Delaware, in the presence of Mrs. Alexander M. Daly, an adult person; the President of said Company, residing outside the State of Delaware. And I further certify and return that after diligent search in my district I have been unable to find the within named defendant, Southern Dredging Company."

[1] An error in fact appears in the return as tested by the petition and process in the statement that the surety company is a corporation of Delaware. This erroneous statement cannot prevail against the sworn statement in the petition that that company is a corporation of Oklahoma, which sworn statement is conclusive on this point as against the use-plaintiff. No process having been served upon the principal in the bond the only defendant to be considered is the surety company. Its counsel having, pursuant to leave, entered a special appearance for it, has moved that the return of service made by the marshal be quashed, and has also submitted several other motions which I deem it unnecessary to discuss.

[2, 3] Section 2 of the above-mentioned act of August 13, 1894, (28 Stat. 279, c. 282 [Comp. St. 1916, § 3294]), provides with respect to surety companies as follows:

"No such company shall do business under the provisions of this act beyond the limits of the state or territory under whose laws it was incorporated and in which its principal office is located, * * * until it shall by written power of attorney appoint some person residing within the jurisdiction of the court for the judicial district wherein such suretyship is to be undertaken, who shall be a citizen of the state, * * * wherein such court is held, as its agent, upon whom may be served all lawful process against such company, and who shall be authorized to enter an appearance in its behalf. A copy of such power of attorney, duly certified and authenticated, shall be filed with the clerk of the district court of the United States for such district at each place where a term of such court is or may be held, which copy, or a certified copy thereof, shall be legal evidence in all controversies arising under this act. If any such agent shall be removed, resign, or die, become insane, or otherwise incapable of acting, it shall be the duty of such company to appoint another agent in his place as hereinbefore prescribed, and until such appointment shall have been made, or during the absence of any agent of such company from such district, service of process may be upon the clerk of the court wherein such suit is brought, with like effect as upon an agent appointed by the company."

The act of congress contemplates the service of process upon the agent, or if that be impracticable, upon the clerk of the district court. As the service upon the clerk of the court is manifestly a personal service, so in the absence of any provision for substituted service it

251 F.—26

must be a personal service upon the resident agent. I know of no principle or authority to justify the contention that service may be made in any other manner than personally on the resident agent or the clerk of the court. Section 914 of the United States revised statutes (Comp. St. 1916, § 1537) has no application to the case, as it relates to conformity in practice, pleadings and forms and modes of proceeding in civil causes, other than equity and admiralty causes, to the practice, pleadings and forms and modes of proceeding existing at the time "in like causes" in the courts of record of the State. There is and can be no like cause in the state courts, for the action here is one within the exclusive jurisdiction of the federal court, and is a new and wholly statutory procedure. Congress in providing for the giving of bond under the act with "the additional obligation," and for the rights to be enjoyed thereunder by persons furnishing materials and labor for the construction or repair of public works, and for the manner in which those rights should be enforced, created a new statutory cause of action and a new statutory remedy for its enforcement. Where a new right is created by statute, unknown to the common law, and the mode in which it may be enforced is specifically provided, the prescribed mode measures the extent of the power, and the right can be enforced in no other manner. Sutherland on Stat. Const. § 399. So, the same writer says (§ 454):

"When a statute is passed authorizing a proceeding which was not allowed by the general law before, and directing the mode in which an act shall be done, the mode pointed out must be strictly pursued."

Under the act of congress in question process "may" be served upon the resident agent of a foreign surety corporation, or upon the clerk of the district court. But while this provision is permissive in form it is mandatory, if the statutory remedy is to be enforced. To secure such enforcement process must be so served. And service in this connection means personal service, there being no statutory or other authority for a resort to substituted service.

The return of the marshal in connection with the petition and process shows that the Southwestern Surety Insurance Company, a corporation of Oklahoma, was the company sought to be served, for the "Southwestern Surety Insurance Company, a corporation of the State of Delaware," is referred to as "the within named defendant." If, however, it should be assumed that the corporation mentioned in the return is not a defendant in this case the attempted substituted service could by no possibility have any force or effect.

[4] It is urged that whatever defect there may be in the return of service cannot be taken advantage of by a motion to quash, but only under a plea in abatement. But this contention cannot be sustained; for here the defect appears upon the face of the record, and, therefore, is properly the subject of a motion to quash.

[5] In view of the conclusions reached it is unnecessary to discuss the other motions submitted in behalf of the surety company; for without valid service of process upon that company and in the absence of its voluntary appearance the right of the use-plaintiff and of the

intervenors to recover in this suit is necessarily defeated. For the reasons given the motion to quash the return of service of process must be granted.