UNITED STATES, to Use of O'CONNELL, v. KEARNS et al.

District Court, D. Rhode Island. June 26, 1928.

No. 1507.

1. Courts ⬯344(6)—Court had jurisdiction of defendant, served in another district.

Service on defendant in another district held not to have defeated jurisdiction of court.

2. Courts ⬯344(6)—Marshal of one district had no power to serve defendant in another district, in which he resided.

The marshal of one district had no authority to serve writ in another district, in which defendant resided.

3. United States ⬯67(3)—Limitation of suit on contractor's bond held condition to right to sue, and not defense in bar (40 USCA § 270).

Under 40 USCA § 270, providing for commencement of suit on contractor's bond within one year after performance and final settlement of contract, the limit of time specified constitutes a condition to the right to sue, and not merely a defense in bar of the remedy.

4. Limitation of actions ⬯119(6)—Second writ is not writ of mesne process as to one not party as to original writ.

Second writ is not a writ of mesne process as to one who was not a party under the original writ.

At Law. Action by the United States, for the use and benefit of Frank O'Connell, against Ross M. Kearns and the National Surety Company. On defendants' plea in abatement. Sustained as to first-named, and overruled as to last-named, defendant.

Jeremiah P. Mahoney, of Newport, R. I., for plaintiff.

Mortimer A. Sullivan, of Newport, R. I., for defendants.

LETTS, District Judge. This cause came on to be heard upon the plea in abatement interposed by the defendants.

In addition to the other grounds set forth in support of the plea, it was alleged that defendant Ross M. Kearns was never served with summons or other process in this case, as shown by the return of the marshal for the Southern district of New York. At the time of the hearing upon said plea the court, in view of the affidavits submitted therewith, permitted the parties to introduce testimony as to the fact of the service upon defendant Kearns. No testimony, in addition to said affidavits, was produced by the defendant. The defendant himself was not produced to testify, nor does his affidavit denying the fact of service appear in the record. The deputy marshal from the Southern district of New York was called on behalf of the plaintiff, and gave some corroboration of the correctness of the return of service made.

This court finds that defendant Ross M. Kearns was served with the so-called writ of mesne process, as certified by the United States marshal for the Southern district of New York.

[1] It is urged in support of the plea in abatement that the service of the writ upon defendant Kearns was without the jurisdiction of this court, and therefore void. There is no merit in that contention.

It was held in the case of United States v. Congress Construction Co., 222 U. S. 199, 32 S. Ct. 44, 56 L. Ed. 163, that the provision restricting the place of suit operates pro tanto to displace the provision of the Judicial Code, and authorizes the court wherein the action is required to be brought to obtain jurisdiction of the persons of the defendants through the service upon them of its process, in whatever district they may be.

The plea in abatement raises, however, an additional question, which presents more difficulties and necessitates a consideration of the facts. The suit is brought under section 270, title 40, United States Code Annotated, in the name of the United States, for the use and benefit of Frank O'Connell, for labor and materials furnished to the defendant Ross M. Kearns, who had contracted with the United States to build a

laundry building at the Naval Hospital, Naval Station, Newport, R. I. The suit is upon the bond of the defendant Kearns, with the National Surety Company as surety. By the terms of said bond both principal and surety acknowledged themselves to be jointly and severally liable.

The declaration avers that on the 2d day of March, 1921, complete performance and final settlement of said contract was made. The statute in question provides that the suit shall be commenced within one year after the performance and final settlement of said contract, *and not later*. The original writ was issued March 1, 1922, and service made upon the defendant National Surety Company on March 14, 1922, by leaving a true copy of said writ with the insurance commissioner of Rhode Island.

While there may be a question as to whether the suit was thus commenced against the National Surety Company within one year, as required by law, this court, in the absence of further proof, will assume that following the issuance of the writ on the 1st day of March, 1922, it was timely placed in the hands of the marshal for the district of Rhode Island before the expiration of the time limit, to wit, March 2, 1922, and, while not finally passing upon that question at this time, the court is compelled to find that defendant National Surety Company has not at this point established that the suit as to it was not commenced within the year.

[2] We come now to a consideration of the sufficiency of the plea as it relates to defendant Ross M. Kearns. It appears upon the face of the original writ that defendant Ross M. Kearns, alias John Doe, is described as of the city, county, and state of New York. No assets belonging to defendant Kearns were attached within this district under said writ, and it appears that the plaintiff knew that the residence of defendant Kearns was in the Southern district of New York. No copy of this writ was, however, forwarded or directed to the marshal of that district for service. The marshal for the district of Rhode Island had no authority to make service of the writ within the district where defendant Kearns was described as residing. So far as defendant Kearns, therefore, is concerned, the writ, after being issued, was placed in the hands of no person having authority to make service of it. J. E. Petty & Co. v. Dock Contractor Co. (C. C. A.) 283 F. 341, 342.

Approximately 25 days after the marshal had filed his return upon the original writ, to wit, on April 11, 1922, a so-called writ of mesne process was issued, forwarded to the marshal for the Southern district of New York, and served upon the defendant Ross M. Kearns on the 19th day of April, 1922. Was any suit commenced against Ross M. Kearns within one year after March 2, 1921?

[3] It would seem, under the language of the statute, that the limitation of time specified therein constitutes a condition to the right to sue, and does not merely constitute a defense in bar of the remedy. United States v. Scheurman (D. C.) 218 F. 915.

In the briefs filed by counsel for the plaintiff it is argued that the law of the state of Rhode Island as to the nature and effect of a writ of mesne process should control in this case, and that the writ of mesne process, so called, relates back to the date of the original writ, and that, if that writ be timely issued, then the action taken pursuant to the writ of mesne process would present no additional question involving the timeliness of the suit.

[4] Defendant Kearns was not made a party to the suit under the original writ, as the same was never served upon him. That being true, it would not seem that the second writ which was issued was, so far as Kearns was concerned, a writ of mesne process. Irrespective of that consideration, however, little assistance is to be gathered from the Rhode Island statutes or decisions. We are dealing with a suit based upon a statutory right, having no counterpart at common law. There is, within the meaning of the Conformity Act (28 USCA §§ 724, 726, 727), no like cause existing under the state law, and therefore the decisions, statutes, and practice of the state do not control. United States v. Southern Dredging Co. (D. C.) 251 F. 400.

This court, though desiring to give a liberal interpretation to the law for the benefit of the claimant, as one who has supplied labor and materials, is bound nevertheless to find that no suit was instituted by virtue of what was done against Ross M. Kearns within a year following March 2, 1921. The plea in abatement as regards this defendant is therefore sustained, and overruled, as the record now stands, as to the defendant National Surety Company against which defendant suit may be maintained under the terms of the bond without the contractor being joined. United States v. Ætna Casualty & Surety Co. (C. C. A.) 5 F.(2d) 412.