**UNITED STATES, to Use and Benefit of ELECTRIC STORAGE BATTERY CO., v. BOAT HARBOR MARINE RY. CO., Inc., et al. (SOUTHEAST LUMBER EXPORT CO., Intervener).**

District Court, E. D. Virginia.

March 18, 1932.

Philip W. Murray, of Newport News, Va., for Electric Storage Battery Co.

Chas. S. Grant, of Norfolk, Va., for Southeast Lumber Export Co.

Taylor & Edwards, of Norfolk, Va., for Indemnity Insurance Co.

WAY, District Judge.

It appears from the evidence and the referee's report that the lumber which is the subject of this claim was furnished to the Marine Railway, the government contractor, by petitioner between February 19 and May 28, 1930. Some time prior to the sale in question petitioner Southeast Lumber Export Company executed to the Virginia National Bank, of Norfolk, a bill of sale for certain lumber. That lumber was set aside in the yards and earmarked to distinguish it as belonging to the bank from other lumber owned by petitioner. Thereafter petitioner in its own name sold to the contractor the lumber here involved, taking it from the lumber previously sold to and set aside for the bank.

On May 27, 1930, about the time the last of the lumber was furnished to the contractor, the latter executed and delivered to the lumber company a note in the sum of $500 payable to the order of the lumber company thirty days after date, which note was thereupon indorsed by the lumber company in blank and delivered to the bank. It further appears from the evidence that prior to the sale here involved it had been the custom of the lumber company from time to time to make sales from the lumber theretofore sold to the bank and to turn over the proceeds from such sales to the bank. All the dealings with reference to the lumber here in question were between the lumber company and the contractor, and the bank was not known in the transaction. The intervening petition was filed and prosecuted herein in the name of the lumber company alone.

After careful consideration of the evidence, the report of the referee, and the applicable authorities, I am of the opinion that his action in disallowing this claim should be **reversed.**

The referee's conclusion that the relation between the lumber company and the bank, as to the lumber in question, was that of vendor and vendee, not assignor and assignee or mortgagor and mortgagee, is undoubtedly correct. The complete legal title to the lumber was in the bank. But the evidence (referee's report, pp. 16–18) shows clearly that in this transaction the relation of principal and agent existed between the bank and the lumber company, although the agency of the lumber company was not disclosed to the contractor. The question presented therefore is whether or not under the "Hurd act" a suit may be maintained by the agent in its own name on a contract not under seal made by such agent on behalf of an undisclosed principal.

The "Conformity Act" (USCA, title 28, § 724) provides as follows: "The practice, pleadings, and forms and modes of proceeding in civil causes, other than equity and admiralty causes, in the district courts, shall conform, as near as may be, to the practice, pleadings, and forms and modes of proceeding existing at the time in like causes in the courts of record of the State within which such district courts are held, any rule of court to the contrary notwithstanding."

It will be noted that the "Conformity Act" applies to all civil causes other than equity and admiralty causes, which would include all proceedings at law in the district courts, except for the fact that the latter part of the act limits the requirement to conformity with the practice, pleadings and forms, and modes of proceeding "in like causes in the courts of record of the State." It has been held, and it would seem, properly, that a cause of action arising under a federal statute of which the federal courts are given exclusive jurisdiction, as they are in cases like the instant one, is not a "like cause" in a federal court within the meaning of the "Conformity Act." See U. S. v. Southern Dredging Co. (D. C.) 251 F. 400.

The "Conformity Act" not being applicable to a case under this particular act of Congress, the question arises whether or not it is nevertheless proper for a district court to permit a suit of this character to be maintained by the agent in its own name upon a contract not under seal made by such agent on behalf of an undisclosed principal; a practice firmly established in Virginia. See Nat. Bank v. Nolting, 94 Va. 263, 26 S. E. 826; Portsmouth Cotton Oil Ref. Corp. v. Oliver, etc., Co., 109 Va. 513, 64 S. E. 56, 132 Am. St. Rep. 924; Leterman v. Charlottesville Lumber Co., 110 Va. 769, 772, 67 S. E. 281; Dixon Livery Co. v. Bond, 117 Va. 656, 660, 86 S. E. 106, L. R. A. 1916A, 1211; Fed. Res. Bank v. Bohannan, 141 Va. 285, 291, 127 S. E. 161; Branch & Co. v. Riverside & Dan River Cotton Mills, Inc., 147 Va. 522, 536, 137 S. E. 614, and authorities cited.

This rule of practice and procedure appears to have the practically unanimous sanction of the courts generally in this country. In 21 R. C. L., § 78, page 902, it is said: "The right of an agent to sue on a contract which he had entered into in his own name without disclosing his agency, if the principal makes no objection, seems to have met with universal recognition"—citing many decisions. See, also, 2 C. J., p. 897, par. 597.

There appears to be no sound reason why the court should not in the instant case sanction a practice so firmly established, especially when the evidence shows conclusively that the lumber furnished was actual'y used in the construction of the "Pelican," and that the agent, the lumber company, was the only person whom the contractor ever knew or had any dealings with in connection with the purchase and sale of the lumber, and, so far as the record discloses, that the bank, the undisclosed principal, has never raised the slightest objection to the manner in which the lumber company handled the transaction.

The court can and will protect the surety against the possibility of its hereafter being annoyed by any claim or suit by the bank by a proper provision in the order giving judgment on the claim.