**UNITED STATES, to Use and for Benefit of FOSTER WHEELER CORPORATION, v. AMERICAN SURETY CO. OF NEW YORK.**

No. L–7634.

District Court, E. D. New York.

June 7, 1938.

Kamen & Ostertag, of New York City, for plaintiff.

Bigham, Englar, Jones & Houston, of New York City (W. J. Nunnally, Jr., and Henry J. Bogatko, both of New York City, of counsel), for Atlantic Basin Iron Works.

BYERS, District Judge.

Atlantic Basin Iron Works, the principal named in a bond given under the Miller Act (49 Stat. 793, 794; Title 40 U.S.C. §§ 270a and 270b, 40 U.S.C.A. §§ 270a, 270b), moves for an order permitting it to intervene in this action and directing that it be made a party defendant with an appropriate amendment of summons and complaint.

The motion is based upon an affidavit of the President which recites the giving of the bond by the defendant in connection with a contract made by the Atlantic Basin Iron Works with the United States of America.

The affidavit contains the following: "The American Surety Company has given notice to the said Atlantic Basin Iron Works to come in and defend this action.

"By reason of such notice, the Atlantic Basin Iron Works, although not a party to the action, will be estopped from disputing whatever judgment is entered therein and will be bound by any judgment entered against the American Surety Company * * *."

The motion is opposed by Foster Wheeler Corporation, the sub-contractor with the Atlantic Basin Iron Works, upon the ground that it has elected to sue the Surety and not the principal.

The opposing affidavit points out that there is no diversity of citizenship and that the Foster Wheeler Corporation would have no right to sue in the Federal court except for the statute above referred to; further, that the court may not impose upon it the obligation to join as a defendant in the action a company which it does not seek to hold liable, and: "nor is it permissible under the statutes and rules to

join in the case a party who might assert a counterclaim against the use plaintiff— when the said plaintiff has definitely refused to bring such party in as a defendant."

Reliance is had upon a decision of the Court of Appeals of the State of New York in a similar case. See Garrigues v. Casualty Co. of America, 220 N.Y. 588, 115 N.E. 1036. The argument assumes that the court is bound to follow that decision under the requirements of the Conformity Act, 28 U.S.C.A. § 724.

It is thought that the argument is mistaken since this cause of action exists only by virtue of the provisions of a Federal statute. See U. S., to Use of Yarnall v. Southern Dredging Co., D.C., 251 F. 400; U. S. to Use of O'Connell v. Kearns, D.C., 26 F.2d 235; U. S., to Use and Benefit of Electric Storage Battery Co. v. Boat Harbor Marine Ry. Co., D.C., 58 F.2d 366. See, also, Title 40 U.S.C. § 270b (b), 40 U.S.C.A. § 270b (b).

The reason why the motion is made will appear from a consideration of the case of United States for Use and Benefit of Johnson v. Morley Construction Co., D.C., 11 F.Supp. 841.

For the motion, reliance is had upon the language of the opinion in the case of Kramer v. Morgan, 2 Cir., 85 F.2d 96, at page 97.

In opposition, it is asserted that so much of the opinion as is relied upon is obiter; perhaps it is, but in the belief that the doctrine propounded is entirely sound and tends to promote justice in such a situation, this motion will be granted in reliance thereon.

Settle order.