**UNITED STATES of America, Plaintiffs,**

v.

**Lyman T. JOHNSTON, Defendant.**

**No. CR–88–0438 MHP.**

United States District Court, N.D. California.

Oct. 19, 1988.

---

Joseph P. Russoniello, U.S. Atty., John D. Lyons, Jr., Asst. U.S. Atty., San Francisco, Cal., for plaintiffs.

John G. Milano, San Francisco, Cal., for defendant.

## OPINION

PATEL, District Judge.

Defendant, charged under the Assimilative Crimes Act ("the Act"), 18 U.S.C. § 13, brought this motion under Federal Rule of Criminal Procedure 12(b) to dismiss count one of the indictment as barred by the applicable statute of limitations. Having considered the oral and written submissions of the parties, for the reasons stated below, the court finds that the federal statute of limitations, 18 U.S.C. § 3282, and not the California state statute, applies to this action. Because this prosecution was brought within the five-year period prescribed by 18 U.S.C. § 3282, it is not barred. Accordingly, defendant's motion to dismiss is denied.

## FACTS

Defendant Johnston is charged in count one with the offense of sexual battery in violation of Cal.Penal Code § 243.4 (West 1988). Because the alleged offense was committed on federal property, federal prosecution was properly brought under the Assimilative Crimes Act, 18 U.S.C. § 13. The offense allegedly occurred in June 1985, and the indictment was returned July 8, 1988. Defendant claims that under the Act, the applicable statute of limitations for the federal prosecution is the state statute of limitations. If defendant is correct, this prosecution would be barred by Cal.Penal Code § 801 (West 1988), which establishes a three-year statute of limitations. The United States argues that prosecution under the Act is subject to 18 U.S.C. § 3282, the federal five-year statute of limitations.

## DISCUSSION

Which statute of limitations applies to prosecutions brought under the Assimilative Crimes Act appears to be a question of first impression. The sole reported case to have considered the issue, *United States v. Andem*, 158 F. 996 (D.N.J.1908), found that the federal statute of limitations applied. 158 F. at 999–1000. As defendant points out, however, the issue before the New Jersey District Court in *Andem* was not which statute of limitations ultimately applied to the action, but merely whether a statute of limitations defense could be pleaded by demurrer. *Andem*, therefore, while relevant, is not dispositive of the instant case.

The purpose of the Assimilative Crimes Act, first passed in 1825, is to ensure that "places under the exclusive jurisdiction of the United States shall not be freed from the restraints of the law," *Western Union Telegraph Company v. Chiles*, 214 U.S. 274, 279, 29 S.Ct. 613, 614, 53 L.Ed. 994 (1909). The Act is intended to establish a "gap-filling" criminal code for federal property, provide for conformity between the laws of the enclave and those of the surrounding state, and afford comparable protection to those within and outside of federal enclaves. *United States v. Kiliz*, 694 F.2d 628, 629 (9th Cir.1982). Prosecution under the Act, however, is not federal enforcement of state law. Rather, the assimilated state statute becomes *federal* law. *Johnson v. Yellow Cab Transit*

*Co.,* 321 U.S. 383, 389, 64 S.Ct. 622, 625, 88 L.Ed. 814 (1944); *Kiliz,* 694 F.2d at 629. Nonetheless, those convicted under the Act may be punished "only in the way and to the extent that such offense would have been punishable" in the surrounding state. *United States v. Press Pub. Co.,* 219 U.S. 1, 10, 31 S.Ct. 212, 214, 55 L.Ed. 65 (1911).

■ The interpretation of the Act announced in *Press Publishing Company* has been held to forbid the infliction of punishment not provided for under state law, *United States v. Mayberry,* 774 F.2d 1018 (10th Cir.1985) (defendant not required to contribute to federal victims' assistance fund) and to require that defendants convicted under the Act receive at least the state's minimum term of incarceration. *United States v. Binder,* 769 F.2d 595 (9th Cir.1985). The statute does not require, however, that state parole policy be followed once a defendant has been sentenced, even though this may result in federal prisoners serving different sentences from those convicted in the states. *United States v. Smith,* 574 F.2d 988, 992 (9th Cir.), *cert. denied sub nom. Williams v. United States,* 439 U.S. 852, 99 S.Ct. 158, 58 L.Ed.2d 156 (1978).

■ Defendant argues that because the three-year state statute of limitations for the offense charged had run at the time the federal prosecution was initiated, he would not *now* be punishable in California and therefore is not punishable under the Act. This argument ignores the language of the statute itself, which allows federal punishment for crimes "punishable ... by the [state] laws in force *at the time of such act or omission.*" 18 U.S.C. § 13 (emphasis added). While defendant would not have been punishable in California at the time this *prosecution* was initiated, his conduct

was certainly punishable *at the time of the act,* as the statute requires.[1]

Defendant's argument that it would be "anomalous" to punish him when he could not be punished under California law has been squarely rejected by the Ninth Circuit. In holding that federal courts in prosecutions under the Act are not bound by state interpretation of state law, even if the state's interpretation would free the defendant, the Court of Appeals stated,

It is suggested that ... it would be anomalous if the defendants could be convicted under [the] Act of an offense for which they could not be convicted in a California court. We do not agree. The Assimilative Crimes Act creates a federal offense; it refers to the California statutes for its definition and its penalty, but it does not incorporate the whole criminal and constitutional law of California.

*Smayda v. United States,* 352 F.2d 251, 253 (9th Cir.1965), *cert. denied,* 382 U.S. 981, 86 S.Ct. 555, 15 L.Ed.2d 471 (1966) (footnotes omitted).

■ Defendant argues by analogy to civil law that the statute of limitations is a matter of substantive law and therefore must be assimilated in prosecutions under the Act. It is clear that in civil cases, the statute of limitations is substantive law. *Ragan v. Merchants Transfer & Warehouse Co.,* 337 U.S. 530, 533–34, 69 S.Ct. 1233, 1234–35, 93 L.Ed. 1520 (1949). In diversity cases, federal courts apply the statute of limitations of the forum state. *Brennan v. Lermer Corp.,* 626 F.Supp. 926, 929 (N.D.Cal.1986). Under the Assimilative Crimes Act, however, "federal courts are not required to follow specific provisions of state law which go beyond establishing the elements of an offense and the range of punishment." *United States v. Sain,* 795 F.2d 888, 890 (10th Cir.1986).

---

1. In his initial motion, defendant noted that the Act formerly required "the same punishment as the laws of the state ... *now* provide." Defendant's Memorandum in Support of Motion to Dismiss Counts of the Indictment 9 (emphasis added). The change in statutory language does *not* support defendant's position on the statute of limitations, since he was clearly punishable under state law at the time of the offense, as the statute has required since 1909. In any case, however, the change was not enacted to deal with the statute of limitations issue, but merely to keep the Assimilative Crimes Act current with state law changes. *See U.S. v. Sharpnack,* 355 U.S. 286, 295, 78 S.Ct. 291, 296, 2 L.Ed.2d 282 (1958). The changes in the language of the Act, therefore, are irrelevant to defendant's argument.

The statute of limitations is not an element of the offense. *United States v. Cook,* 17 Wall 168, 180, 21 L.Ed. 538 (1872) ("time is not of the essence of the offense."); *accord, United States v. Andem,* 158 F. 996 (D.N.J.1908).

There are several policy reasons why the treatment of statutes of limitations in civil law need not be dispositive in the criminal context. First, while there is no general federal statute of limitations in civil law, Congress *has* created a general statute of limitations for federal criminal prosecutions in 18 U.S.C. § 3282. Defendant has not explained why recourse to the civil analogy, rather than to this expression of legislative policy, should control the instant action. In any case, as other courts have held, "state law which is inconsistent with federal policies expressed in federal statutes is not assimilated by the Act." *United States v. Sain,* 795 F.2d at 891; *Johnson v. Yellow Cab,* 321 U.S. at 391, 64 S.Ct. at 626.

Second, as the Government points out, the policies behind the civil choice of law rules are very different from those involved in the criminal context. In diversity cases, the federal court exercises its jurisdiction because of the citizenship of the parties, not the location of the action at issue. The federal court sitting in diversity is of necessity enforcing state law, and the only question is *which* state's law should control. Under the Assimilative Crimes Act, by contrast, the federal government is a party to the action, and jurisdiction is founded on the commission of an offense on federal property. *Johnson v. Yellow Cab, supra.* Thus, the federal government's interest in the choice of law rules is far stronger than in diversity cases.[2]

Finally, the judicial interest in preventing forum-shopping which also underlies the civil choice of law rules, *Guaranty Trust Co. of New York v. York,* 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945), is absent in criminal prosecution under the Act. Neither the Government nor the defendant has a choice of forum in the prosecution of crimes committed on federal property.[3] The civil choice-of-law rule designed to prevent forum-shopping is therefore inapplicable.

CONCLUSION

The court finds that the federal statute of limitations, 18 U.S.C. § 3282, is applicable to this action. The prosecution was commenced within the statutory five-year period. Accordingly, defendant's motion to dismiss count one of the indictment is denied.

IT IS SO ORDERED.

---

**2.** The Federal Tort Claims Act ("F.T.C.A."), 28 U.S.C. § 2671 et seq., provides an apt civil analogy to this governmental interest. Under the F.T.C.A., state law provides the elements of a cognizable tort, but the applicable statute of limitations is that of 28 U.S.C. § 2401(b) (two years), regardless of the limitations period of the forum state. The federal government's interest as prosecutor under the Assimilative Crimes Act is similar to its interest as defendant under the F.T.C.A. In both cases, the cause of action exists by federal incorporation of state law, but the government as a party has a superseding interest in the statute of limitations not present in other federal suits brought under state law.

**3.** At the hearing, defendant's counsel disputed the federal government's exclusive jurisdiction, noting that there may be concurrent state and federal jurisdiction over some offenses on federal property. *See Kleppe v. New Mexico,* 426 U.S. 529, 541–43, 96 S.Ct. 2285, 2292–94, 49 L.Ed.2d 34 (1976) (discussing concurrent jurisdiction under U.S. Const. art. I, § 8, cl. 17). Defendant has not alleged and has made no showing that this case involves concurrent jurisdiction, however.

Moreover, even if concurrent state and federal jurisdiction existed here, defendant's argument is misconceived. Even under concurrent jurisdiction, neither the prosecution nor the defense could choose its preferred forum. Concurrent jurisdiction does not allow federal prosecution in state court or state prosecution in federal court. At most, the federal government could refrain from prosecuting Johnston under the Act, leaving prosecution to the state. When the government chooses to prosecute rather than abstain, however, the policy rationale supporting the use of the federal statute of limitations is even stronger.